## POSTAL TELEGRAPH–CABLE CO. *v.* TAYLOR.

ERROR TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

No. 93.   Argued December 11, 1903.—Decided January 4, 1904.

Courts are not to be deceived by the mere phraseology in which an ordinance may be couched when it appears conclusively that it was passed for an unlawful purpose and not for the one stated therein.

A license fee cannot be imposed by ordinance of a municipality for purposes of inspection on telegraph companies doing an interstate business which is so far in excess of the expenses of inspection that it is plain that it was adopted, not to repay such expenses, but as a means for raising revenue.

THE plaintiff in error seeks to review the judgment of the Supreme Court of Pennsylvania, which affirmed the judgment of the Superior Court of that State, which in its turn affirmed the judgment of the Court of Common Pleas of Lackawanna County, in favor of the defendant in error in an action brought by it to recover the amount of a license fee imposed upon all telegraph, telephone and electric light companies having poles and wires in the borough. The ordinance was of the same nature as that mentioned in the immediately preceding case of *Postal Telegraph-Cable Company* v. *Borough of New Hope.*

By the plaintiff's statement of its claim against the defendant, the telegraph company, it sought to recover from the company the sum of $220.50, including interest from January 31, 1898.

The defendant is. a corporation engaged in interstate commerce by transmitting telegraphic communications among the several States, and by its affidavit of defence it averred that it was a company engaged in forwarding telegraphic dispatches among the several States, and was a corporation organized under the laws of the State of New York; that it had paid the Commonwealth of Pennsylvania all taxes which had by legislative enactment been levied upon the value of its poles and wires erected and maintained in the borough of Taylor and elsewhere in the State; that it had accepted the act of Congress, (14 Stat. 221,) providing for the construction of telegraph lines over any post road of the United States; that it had never maintained, and does not now maintain, any office whatever in the borough of Taylor, and that no telegraphic business of any kind is done or transacted by the defendant in that borough, except the maintenance of the telegraphic lines and the transmission of telegraphic messages over the same from other places; that the ordinance in question is unreasonable, unjust and excessive, and is illegal and void, because it is designed and intended to provide revenue by taxation for the general expenses of the borough, and that no other object than this exists, or has at any time existed, for the regulations imposed by the ordinance; that the borough is under no expense whatever in issuing the license required by the ordinance, and has not been at any time before, during or after the period mentioned in the plaintiff's statement for which it makes demand, under any expense or charge of any kind whatsoever in inspecting and regulating the poles and wires; that the license fees imposed by the ordinance are not based upon the cost and expense to the borough for inspection and supervision or regulation of the defendant's lines and business, but the fees are imposed notwithstanding they are more than twenty times the amount that might have been or could possibly be incidental to such inspection, supervision and regulation, together with all reasonable measures and precautions that might have been or possibly could be required to be taken by

the said borough for the safety of its citizens and the public, or which might have been or possibly could be incurred as expenses for the most careful, thorough and efficient inspection and supervision that might have been made of the poles and wires of the defendant, although the plaintiff has not and does not maintain any inspection and supervision or care whatsoever over the poles and wires of the defendant, and has incurred no expense whatever on account thereof; that the borough is a sparsely populated district and the land therein of small value, and most of the land along the highway on which the telegraph lines are constructed is not adapted to building purposes or commercial use, and the highway is little traveled; that the borough is a coal mining community and the buildings therein consist for the most part of the coal miners' cabins or houses of one or two stories, and the business buildings are scattered and consist mostly of small shops or stores; that the poles and wires thereon are located on the side of the highway and do not interfere in the slightest degree or to any extent with its use for all highway purposes, and do not interfere with any kind of traffic or with the operation of men or apparatus in extinguishing fires; that the line is not old, decayed or worn out, but, on the contrary, is comparatively new and sound, and there is no danger of accident from the decay or breaking down of the poles and wires; that the license fees imposed by the ordinance are twenty times more than could be imposed under any power existing in the borough to make charges for all legal purposes; that the amount of the license fees imposed under the ordinance for each year largely exceeds the entire cost to the defendant itself of maintaining said line, including all repairs, reconstruction, cost of labor and material and traveling expenses of the employés, and all expenses incurred by the defendant by a careful and efficient inspection and maintenance of such poles and wires; that the fees imposed by the ordinance are so excessive that if every borough in the State of Pennsylvania in which defendant has a telegraph system should pass similar ordinances the total amount collected

would exceed $100,000 per annum, and if the same kind of an ordinance should be passed in the other States by the municipalities in which the poles and lines of the company are placed it could not pay the amount, but would become insolvent by reason of the fact that the expenses of operation, including the license fees, would be far in excess of the receipts of the defendant.

To this affidavit of defence the plaintiff excepted on the ground that it did not state any sufficient defence to plaintiff's cause of action, and also on the ground of *res adjudicata,* in that the same questions had been theretofore decided between the same parties in the courts of the State.

A rule for judgment was taken by the plaintiff for want of a sufficient affidavit of defence, and upon hearing the rule was made absolute, (the facts set forth in the affidavit of defence being thereby assumed,) and, judgment for the plaintiff being entered, it was affirmed by the Superior and Supreme Courts of Pennsylvania.

*Mr. Frank R. Shattuck* for plaintiff in error.

*Mr. John M. Harris,* with whom *Mr. E. O. Wagenhorst* was on the brief, for defendant in error.

MR. JUSTICE PECKHAM, after making the foregoing statement of facts, delivered the opinion of the court.

The grounds of our jurisdiction to review the judgment in this and the preceding case are similar to those which sustained it in the two cases of *Western Union Telegraph Company* v. *New Hope,* 187 U. S. 419, and *Atlantic &c. Telegraph Company* v. *Philadelphia,* 190 U. S. 160. By reference to the opinions delivered in the state courts in this case it is apparent that it was not decided upon any question of *res judicata,* as set forth in the plaintiff's exceptions to defendant's affidavit of defence.

In the opinion of the Superior Court of Pennsylvania it was
stated:

"Whether or not the fee is so obviously excessive as to lead
irresistibly to the conclusion that it is exacted as a return for
the use of the streets, or is imposed for revenue purposes, is a
question for the court, and is to be determined upon a view of
the facts, not upon evidence consisting of the opinions of wit-
nesses as to the proper supervision that the municipal author-
ities might properly exercise and the expense of the same.
Such a decision becomes a precedent which is to be regarded
in other cases similarly situated.   Were it to be held otherwise,
the law upon the subject would be in hopeless confusion and
uncertainty.   We make these remarks because we cannot
escape the conclusion that some of the averments of the affi-
davit of defence are, in reality, but the opinion of the defend-
ant, undoubtedly honestly entertained, as to these matters.
They are not stronger than the averments in *Philadelphia* v.
*American Union Telegraph Company*, 167 Pa. St. 406, and the
other facts averred do not distinguish the case from others
in which a similar fee in boroughs has been held to be not
so obviously excessive as to warrant the courts in declaring
the ordinance void.   The cases are collected in the opinion
filed herewith in the case of *New Hope* v. *Western Union
Telegraph Company*."

The opinion referred to by the Superior Court is also con-
tained in the record, and cases were cited in that opinion from
the state courts holding that they would not declare an ordi-
nance void because of the alleged unreasonableness of the fee
charged, unless the unreasonableness be so clearly apparent
as to demonstrate an abuse of discretion on the part of the
municipal authorities.   The court further remarked:

"In many of the foregoing cases the license fee was the same
as that imposed by the ordinance under consideration.  In
none of the cases was the ordinance declared void for unrea-
sonableness, although it was inferentially conceded that a case
might arise where the license fee would be so grossly dispro-

portioned to the burden imposed upon the municipality in consequence of the erection and maintenance of the poles and wires as to warrant the court in presuming that the ordinance was a revenue measure, not a police regulation. None of the cases lays down a fixed and invariable rule by which that question is to be determined, but after a comparison of the facts developed on the trial of this case, with the facts of some of the cases above cited, we have been led to the conclusion that the court would not have been justified by the precedents in declaring the ordinance void."

Upon the averments in the affidavit of defence, which in this proceeding must be taken to be true, we can come to no other conclusion than that the ordinance was void because of the unreasonable amount of the license fee provided for therein.

It was urged on the argument that this ordinance was a proper police regulation, and that the collection of revenue was not its object; that it was the duty of the borough officials to protect the lives and property of its citizens, and that in the discharge of such duty it had the right to constantly inspect the poles and wires for the purpose of seeing that they were safe.

There is no doubt that, for the purpose mentioned, the borough had the right claimed by its counsel. The averments of the affidavit of defence, however, show that no such duty has been discharged or attempted to be discharged by the borough. It has done absolutely nothing to protect the lives or property of its citizens by inspecting the poles and wires of the defendant.

In *Atlantic &c. Telegraph Co.* v. *Philadelphia,* 190 U. S. 160, it was held that the testimony in a case like this might be such as to compel a decision one way or the other, and the court might then be justified in directing a verdict. We think this is one of those cases. We assume that a tax of this kind ought to be large enough to cover all expenses of police supervision of the property and instrumentalities used by the company in the borough, and that it is not bound to furnish such super-

vision for nothing, but may, in addition to ordinary property taxation, subject the corporation to a charge for the expenses of the supervision. The borough is also not compelled to make its expenditures for these purposes in advance of demanding the tax from the defendant, but it must be remembered that such a tax is authorized only in support of police supervision, and if it were possible to prove in advance the exact cost that sum would be the limit of the law. As in the nature of things this is ordinarily impossible, the municipality is at liberty to make the charge enough to cover any reasonably anticipated expenses, and the payment of the fee cannot be avoided because it may subsequently appear that it was somewhat in excess of the actual expense of the supervision, nor can the company then recover the difference between the amount of the license fee and such cost. These observations are substantially reproduced from the opinion of the court in *Atlantic &c. Telegraph Company* v. *Philadelphia, supra*, delivered by Mr. Justice Brewer.

We come then to an examination of the question whether this fee, in the light of the admitted facts set forth in the affidavit of defence, can, by the widest stretch of imagination, be regarded as reasonable. The borough is, where the poles are planted and the wires stretched, sparsely settled, and the danger to be apprehended from neglect in regard to the poles and wires is reduced to a minimum. The borough has in fact done nothing in the way of inspection or supervision during the time covered by the license in question. It has not expended one dollar for any such purpose. It has incurred no liability to pay any expenses arising from inspection or supervision on its behalf. The fee itself is twenty times the amount of expense that might have been reasonably and fairly incurred to make the most careful, thorough and efficient inspection and supervision that might have been made of such poles and wires, and for all reasonable measures and precautions that possibly could be required to be taken by the borough for the safety of its citizens and the public. This is not a mere ex-

pression of opinion. It is the averment of a fact. The company knows the amount it costs for the inspection, which it avers is made by its own servants, and which it avers is a most careful and efficient inspection, one intended to place and maintain the poles and wires in a perfectly safe and satisfactory condition. Knowing that cost and comparing it with the amount demanded under the ordinance, it is enabled to state as a fact, and not as a mere opinion, that the amount of the license fee exacted under the ordinance is as stated, twenty times more than it ought to be to secure a reasonable, efficient and most careful inspection, as set forth in the affidavit mentioned.

In *Chester City* v. *Telegraph Company*, 154 Pa. St. 464, cited in *Telegraph Company* v. *New Hope*, 187 U. S. 419, 425, it was said that the affidavit in that case averred that the rates charged were at least five times the amount of the expenses involved in the supervision exercised by the municipality. The Supreme Court held that while that averment must be admitted to be true, it did not go far enough, because it referred only to the usual, ordinary and necessary expenses of the municipal officers in issuing the license and other expenses thereby imposed upon the municipality, and that it made no reference to the liability imposed upon the city by the erection of the telegraph poles. It was also stated by the court that it is the duty of the city to see that the poles are safe and properly maintained, and should a citizen be injured in person or property by reason of the neglect of such duty an action might lie against the city for the consequences of such neglect. The court said it was a mistake, therefore, to measure the reasonableness of the charge by the amount actually expended by the city in a particular year to the particular purposes specified in the affidavit.

The affidavit in this case goes much further. It includes not only the expenses that might have been incurred for an ordinary inspection, supervision and regulation, but takes into account the very matters that are spoken of in the extract from

the opinion of the Supreme Court of Pennsylvania, *supra*. Instead of the averment that the license fee charged was at least five times the amount of the expense involved in the supervision exercised by the municipality, it is stated that it is more than twenty times the amount that would reasonably be expended for the purposes stated in the affidavit.

The liability to pay for injuries that might arise from the bad condition of the poles and wires, arising from the neglect of the company to inspect and supervise the same, is not a liability which the municipality is entitled to recover from the company in advance of its happening, but it is simply one of the reasons for an inspection by the borough, which shall be most carefully and continuously performed, in order that injuries may not arise from the neglect of such supervision.

When we come to an examination of the grounds upon which this kind of a tax is justifiable, and when we find that in this case each one of those grounds is absent, how is it possible to uphold the validity of such an ordinance? To uphold it in such a case as this is to say that it may be passed for one purpose and used for another; passed as a police inspection measure and used for the purpose of raising revenue; that the enactment as a police measure may be used as a mere subterfuge for the purpose of raising revenue, and yet because it is said to be an inspection measure the court must take it as such and hold it valid, although resulting in a rate of taxation, which, if carried out throughout the country, would bankrupt the company were it added to the other taxes properly assessed for revenue and paid by the company. It is thus to be declared legal upon a basis and for a reason that do not exist in fact.

We think the court is not bound to acknowledge an ordinance such as this to be valid in face of the facts stated in the affidavit of defence. Confessedly there has been here no inspection, no expense incurred to provide for one even though not made, and all expenses and liabilities that might fairly and reasonably be incurred on the part of the borough are not one-twentieth of the amount it exacts for an inspection which it has not made.

Under such facts it would seem to be plain that the ordinance was adopted as a means for the raising of revenue and not to repay expenses for inspection.

Judging the intention of the borough by its action it did not intend to expend anything for an inspection of the poles and wires, and did intend to raise revenue under the ordinance. Courts are not to be deceived by the mere phraseology in which the ordinance is couched when the action of the borough in the light of the facts set forth in the affidavit, shows conclusively that it was not passed to repay the expenses or provide for the liabilities incurred in the way of inspection or for proper supervision.

We are of opinion that, upon the averments contained in the defendant's statement of defence, the defendant was entitled to judgment. The judgment of the Supreme Court of Pennsylvania is, therefore, reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*So ordered.*

Mr. Justice Harlan and Mr. Justice Brewer dissented.