# Kittanning Borough *v.* Western Union Telegraph Company, Appellant.

*Taxation—Telegraph companies—License tax—Poles and wires.*

A borough ordinance imposing a license tax on telegraph poles and wires is not void because it is not restricted in express terms to poles and wires maintained upon highways and public property. The court will either presume that such poles and wires were intended, or will restrict the operation of the ordinance to them.

*Statutes—Repeal—Re-enactment—Ordinances.*

The re-enactment of a previous statute is construed not to be an implied repeal of the enactment, but a continuation thereof, so that all interests under the original statute remain unimpaired. This principle is applicable to the construction of an ordinance.

A borough ordinance providing for a license tax on telegraph companies of $1.00 per pole and $2.50 per mile of wire is prima facie reasonable, when it is shown that at least once a year the chief of police and the street commissioner made a tour of inspection counting the poles and calculating the miles of wires and that in addition to this, the officers of the police department, in connection with their other duties, kept a constant lookout for poles that might be in a dangerous condition and for wires that might be down, and when they found them in that condition reported it to the proper company.

On an issue to determine the reasonableness of the amount of such license tax, evidence as to the number of poles and miles of wire maintained by the company in the state, the amount of capital stock and bonded debt and net receipts of the company, are irrelevant and immaterial.

The prima facie reasonableness of the tax is not overcome by evidence that the company spent so much per mile in a particular year for repairs and reconstruction, where such evidence does not cover the whole period for

which the license fees are claimed, and is not accompanied by evidence as to the nature, extent and cost of the inspection and supervision of its lines which the company gave.

Argued May 9, 1904. Appeal, No. 29, April T., 1904, by defendant, from judgment of C. P. Armstrong Co., June T., 1902, No. 14, on verdict for plaintiff in case of Kittanning Borough v. Western Union Telegraph Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit to recover a license tax on telegraph poles and wires. Before PATTON, P. J.

At the trial the following offer was made:

Mr. McCullough: We offer in evidence the ordinance relating to poles and wires in the ordinance book at page 156, passed December 2, 1895, approved December 4, 1895. We also offer the ordinance re-enacting the same subject-matter, found on page 206 of the ordinance book, which was enacted and approved March 3, 1899.

Mr. Leason: Under which ordinance do you bring this suit?

Mr. McCullough: We bring this suit under both ordinances.

Mr. Leason: We ask the court to compel the plaintiff to elect under which ordinance they will try.

Mr. McCullough: The ordinances are exactly the same, word for word.

Defendant's counsel object to the ordinance on page 156 of the ordinance book, approved December 4, 1895, for the reason that it was repealed by the ordinance on page 206, same book approved March 3, 1899, and for the further reason that each produces a separate cause of action and the plaintiff must elect in this case under which ordinance it chooses to try. Both the ordinances are therefore objected to as incompetent and irrelevant.

The Court: The objection is overruled, the evidence received and a bill of exceptions is sealed to the defendant. [1]

The court charged in part as follows:

[As to the question of the reasonableness of this ordinance, we think that that is no longer an open question. Two cases similar to this were decided by our Supreme Court, reported

in what is known as The Advance Reports of September 12, 1902, wherein they decided that an ordinance similar to the one in suit was reasonable and that the defendant company was liable for a dollar for each pole and two and one-half for each mile of wire.   As we view the case, that is no longer an open question.] [2]

[Under the law the court could not review the decision of the town council of the borough of Kittanning unless there was a clear abuse of discretion.   They are elected by the people as public servants and it is presumed that they do their duty.   Without it being made to appear to the court that the town council overstepped the bounds of duty or abused their discretion, the court could not interfere.   It is only in a clear case that the court could interfere with that discretion.   In our opinion in this case the town council of Kittanning borough did not abuse their discretion, and therefore we feel constrained under the decisions of the higher court and from our own opinion, to instruct the jury that this ordinance is valid and is a reasonable exercise of the police powers of the borough.] [3]

[That is the question of fact and the only question of fact for the jury to determine, how many poles were erected on the streets and alleys of Kittanning borough from January 1, 1896, up to January 1, 1902.   And also how many miles of wire were strung over the streets and alleys of Kittanning borough, during that period.] [4]

Defendant presented these points :

1. The ordinance offered in evidence by plaintiff in ordinance book, page 156, approved on December 4, 1895, having been superseded by ordinance ordained March 3, 1899, all rights and liabilities under the former ordinance, in the absence of a saving clause, were lost and no recovery can be had for any license or penalty provided for therein, by suit instituted after its repeal or being superseded.   *Answer :* Refused. [5]

2. The ordinance ordained March 3, 1899, offered in evidence by plaintiff on ordinance book, page 206, as well as the ordinance referred to in point number one, are void for want of authority to ordain the same, it nowhere appearing that the poles and wires of the defendant company ordained to be subject to tax provided in said ordinance before being liable to such tax were situated upon the streets or public thoroughfares

of said borough. The ordinance is therefore void for uncertainty and the judgment of the court and verdict of the jury must be in favor of the defendant. *Answer :* We answer that point by saying, the jury will not allow Kittanning borough, the plaintiff, anything for any poles erected upon private property, but for all poles erected upon the streets and alleys of the borough, the plaintiff is entitled to recover $1.00 per pole. [6]

3. The court is requested to find that from Jacob street to the borough line the poles of the defendant company and its wires are not upon Grant avenue, but either upon private property· or upon the right of way of the Allegheny Valley Railway Company, and not subject to the levy of a tax. *Answer :* We answer that point by saying, we leave it to the jury to say what poles, if any, are upon private property, and that whatever poles the jury find are upon private property, they will not allow the tax to the plaintiff borough. [7]

4. The evidence being that the cost of the erection of a pole is ninety-seven cents per pole, that the tax sought to be imposed is an amount equal to the tax imposed in the city of Philadelphia, that the population of Kittanning borough according to the last census was 3,903, the tax is exorbitant and the ordinance unreasonable in view of the small amount of business transacted in so small a community. *Answer :* That point is refused. [8]

Verdict and judgment for plaintiff for $303.25. Defendant appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions; (2–8) above instruction, quoting them.

*M. F. Leason* and *C. E. Harrington,* for appellant.—The reasonableness of the tax should have been submitted to the jury: Postal Tel., etc., Co. v. Taylor Boro., 192 U. S. 64 (24 Sup. Ct. Repr. 208); Philadelphia v. Western Union Tel. Co., 40 Fed. Repr. 615; Western Union Tel. Co. v. New Hope Boro., 187 U. S. 419 (23 Sup. Ct. Repr. 204); Philadelphia v. Western Union Tel. Co., 81 Fed. Repr. 948; Atlantic & Pacific Tel. Co. v. Philadelphia, 190 U. S. 160 (23 Sup. Ct. Repr. 817).

If this license tax was intended to be imposed upon poles and wires located upon public property, within the limits of the borough, the ordinance should so designate. The court should hold a municipality to a reasonable regulátion : Commissioners v. Gas Co., 12 Pa. 318 ; Millerstown Borough v. Bell, 123 Pa. 151 ; Atlantic & Pacific Tel. Co. v. Phila., 190 U. S. 160 (23 Sup. Ct. Repr. 817).

*R. A. McCullough,* of *McCullough & Heilman,* for appellee.— The ordinance in question is a reasonable exercise of the police power of the borough : New Hope Borough v. Postal Tel. Cable Co., 202 Pa. 532.

OPINION BY RICE, P. J., October 17, 1904 :

The fourth section of the ordinance of 1899 is a copy, verbatim et literatim, of the ordinance of 1895. The later ordinance contains no repealing clause ; if it is to be construed as operating to destroy rights and relieve from liabilities that had accrued under the earlier ordinance, it is not because the council so intended, but because some inflexible rule of law requires us to give it that effect irrespective of their intention. But there is no such general rule. On the contrary, the general rule is, that the re-enactment of a previous statute is construed not to be an implied repeal of the enactment, but a continuation thereof, so that all interests under the original statute remain unimpaired : 26 Am. & Eng. Ency. of Law (2d ed.), 758 ; Endlich on Interpretation of Statutes, sec. 490. The principle is applicable to the construction of an ordinance ; therefore, the court was right in holding that the adoption of the ordinance of 1899 did not take away nor impair the right of the plaintiff to recover the license fees which had accrued under the ordinance of 1895.

It is objected that the ordinance is void because it is not restricted in express terms to poles and wires maintained upon highways and public property. As well might it be claimed that it is void because it does not say, in so many words, that it shall apply only to poles and wires maintained within the borough. Both of these limitations are to be implied in the construction of the ordinance, because the lawful authority of the borough to impose such charges does not extend beyond

them, and it is to be presumed, in the absence of affirmative language showing the contrary, that the borough council did not intend to impose them upon poles and wires outside their jurisdiction. And even if there were doubt as to the intention, it was the duty of the court not to declare the ordinance void on that account, but to restrict the right of recovery under it to poles and wires maintained upon the highways in the borough. See Lansdowne Boro. v. Springfield Water Co., 16 Pa. Superior Ct. 490. This the court did. The learned judge submitted to the jury the question as to the number of such poles and miles of wire, with positive instruction that the charge ($1.00 per pole and $2.50 per mile of wire) was reasonable and lawful. Having regard to the manner in which the case was submitted to them, the difference between the amount of their verdict and the amount of the plaintiff's claim must be deemed to raise the implication that they found the number less than was claimed by the plaintiff, not that they found the charge per pole and mile of wire excessive and unreasonable. There is, therefore, no ground for supposing that the jury, in violation of law and the instructions of the judge, made themselves a taxing body, and based their verdict on what they conceived would be a reasonable charge, as the jury did in Postal Telegraph, etc., Co., v. New Hope, 192 U. S. 55 (24 Sup. Ct. Repr. 204).

That the borough had power to enact the ordinance, provided the fee was reasonable in amount, and that the defendant cannot claim exemption from liability under it by reason of the facts that it is engaged in interstate commerce, and has accepted the act of congress relative to the construction of telegraph lines over the post roads of the United States, and has paid all taxes imposed upon it by the general laws of the commonwealth, are propositions too well settled in Pennsylvania to require further discussion than we have given them in the cases decided in July last. We may appropriately remark, however, that they were expressly conceded by the Supreme Court of the United States in the recent case upon which the defendant relies for a reversal of the judgment. We come then to the question of the reasonableness of the amount of the charge. "Prima facie it was reasonable : Western Union Telegraph Co. v. New Hope, 187 U. S. 419 (23 Sup. Ct. Repr.

204). It devolved upon the company to show the contrary : " Atlantic & Pacific Telegraph Co. v. Philadelphia, 190 U. S. 160 (23 Sup. Ct. Repr. 817). Therefore, when the plaintiff had proved the ordinance, the number of poles and miles of wire maintained by the company in the streets of the borough during each year of the period covered by the action, and its failure to pay, it had made out a prima facie case, upon which it would have been entitled to binding instructions in its favor, if no other testimony had been introduced. But the plaintiff went further and introduced evidence as to the location of the poles and wires with reference to public travel, the maintenance of poles and electric wires upon the same streets by other concerns, their proximity to the poles and wires of the defendant, the crossing of the wires of these several concerns, and the danger of their breaking and falling on other wires, as shown by the instances when this had occurred. At least once a year the chief of police, together with the street commissioner, made an inspection tour in which he counted the poles and calculated the miles of wires, and inspected both to see that they were in good condition. If this were all that was actually done by way of supervision and inspection, and all that was contemplated when the ordinance was passed, it might well be claimed that the amount of the charge was so grossly excessive as to compel the conclusion that it was imposed for general revenue purposes. But it was shown that in addition to this regular inspection, the officers of the police department, in connection with their other duties, kept a constant lookout for poles that might be in a dangerous condition and for wires that might be down, and when they found them in that condition reported it to the proper company. It is thus seen that this is not a case where it can be said that, judging the intention of the borough by its action, the ordinance was adopted to raise revenue and not to repay the expenses or provide for the liabilities incurred in the way of inspection or for proper supervision. True, the borough introduced no evidence as to cost of the supervision and inspection it gave; nor was it required to in the presentation of its case in chief. In answer to this prima facie case the defendant showed by the deposition of its vice president, that the total length of pole lines owned, leased and controlled by the com-

pany in Pennsylvania was 9,649 miles, and the total length of wire 70,359 miles; that in the entire system the total pole mileage was 196,115, and the total number of poles about 6,800,000; that the amount of the capital stock and bonded indebtedness of the company was $118,874,000; that for the fiscal year ending June 30, 1902, the company's net receipts from the operation of its lines were $6,626,679.97. In deciding as to the pertinency of this testimony, and the weight to which it was entitled in the trial of this issue, it is to be borne in mind, that the license fee or charge sought to be collected was not a tax upon the property or franchises of the company, or on its transmission of messages, or on its receipts from such transmission, nor in the nature of rental for occupying certain portions of the streets, nor a charge for the privilege of engaging in business, either local or interstate, " but was a charge in the enforcement of local governmental supervision, such as was presented in Western Union Telegraph Co. v. New Hope, 187 U. S. 419 (23 Sup. Ct. Repr. 204):" Atlantic & Pacific Telegraph Co. v. Philadelphia, 190 U. S. 160 (23 Sup. Ct. Repr. 817). If the ordinances had discriminated between telegraph companies (for example the Western Union and the Postal-Cable) using the same kind of instrumentalities and occupying the borough streets in the same way, charging one a greater fee than the other, by reason of the differences between them as to any or all the facts above recited, it might well be argued that it was in contravention of the general rule, that the powers vested in municipal corporations should, as far as practicable, be exercised by ordinances general in their nature and impartial in their operation : 1 Dillon's Municipal Corporations (4th ed.) sec. 325. Having regard to the nature of the license fee, and to the purpose for which alone such a charge may lawfully be exacted, we fail to see the relevancy and materiality of the testimony above referred to, in the trial of an issue where the only question was, whether the charge was disproportioned to the reasonably to be anticipated expenses of the borough supervision and inspection. It would aid neither court nor jury in determining that question, but would tend rather to confuse and mislead.

The witness testified further as follows : " It is difficult to give accurate figures for repairs and reconstruction, but a care-

ful examination of the reports from Pennsylvania shows that the company spent in that state for the year 1901, $17.50 per mile of poles for reconstruction, and $18.00 per mile for repairs ; or per mile of wire $2.00 for reconstruction, and $2.20 for repairs." We do not say that this testimony was irrelevant. Under the decisions in the Atlantic and Pacific Telegraph case, and the later decision of the same court in Postal Telegraph, etc., Co. v. Taylor, 192 U. S. 64 (24 Sup. Ct. Repr. 208), the testimony would seem to have been relevant, as furnishing a standard with which to compare the sum demanded by the ordinance, if it had covered the entire period for which the license fees were claimed, and had been accompanied by evidence as to the nature, extent and cost of the inspection and supervision of its lines which the company gave. But, standing by itself, proof that the company spent an average of so much per mile in a particular year for repairs and reconstruction does not furnish a standard by which to measure the reasonableness of the charge fixed by the ordinance to reimburse the borough for the anticipated expenses incident to proper supervision and inspection by its officers and agents, and the issuing and making a record of the license. In the Atlantic and Pacific Telegraph case the defendant gave evidence of the extent of its own supervision and the cost of " repair, maintenance and supervision " for the whole period covered by the action ; but the evidence of the defendant's vice president above quoted, and it is all there is bearing upon that subject, does not come up to that standard nor anything like it. Under all the relevant testimony in the case, the learned trial judge was right in instructing the jury that the prima facie presumption in favor of the reasonableness of the ordinance was not rebutted, and that the only question for their determination was the number of poles and miles of wire maintained by the defendant in the highways of the borough. This instruction was clearly warranted by the adjudicated cases up to that time, and, as applied to the evidence adduced on the trial, was not in conflict with the later decisions upon the subject.

Judgment affirmed.