## Collingdale Borough, Appellant, *v.* Keystone State Telephone & Telegraph Company.

*Taxation—Telephone and telegraph companies—License tax—Affidavit of defense.*

In an action by a borough against a telegraph and telephone company to recover a license tax on poles and wires of $1.00 and $2.50 respectively per annum, an affidavit of defense is sufficient to prevent judgment which avers that the license tax was not based upon the cost of inspection, and that it was more than twenty times the amount that might have been, or could possibly be, incident to such inspection.

Argued Nov. 22, 1906.    Appeal, No. 201, Oct. T., 1906, by plaintiff, from order of C. P. Delaware Co., June T, 1905, No. 280, discharging rule for judgment for want of a sufficient affidavit of defense in case of The Borough of Collingdale v. The Keystone State Telephone & Telegraph Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense. Before JOHNSON, P. J.

The opinion of the Superior Court states the case.

*Errors assigned* was the order of the court.

*Edward P. Bliss,* for appellant.—It has been repeatedly decided that the averments contained in the present affidavit of defense are not sufficient to warrant the court in declaring the license fees unreasonable, or to prevent judgment in favor of the plaintiff. On the contrary, license fees of $1.00 per pole and $2.50 per mile of wire have been uniformly held to be reasonable: Allentown v. W. U. Tel. Co., 148 Pa. 117 ; Ches-

ter v. P. R. & P. Tel. Co., 148 Pa. 120 ; Chester v. W. U. Tel. Co., 254 Pa. 464 ;. Phila. v. Am. U. Tel. Co., 167 Pa. 406 ; Ridley Park v. Citizens' Electric Light & Power Co., 9 Pa. Superior Ct. 615 ; Lansdowne v. Citizens' Electric Light & Power Co., 9 Pa. Superior Ct. 620 ; Kittanning Electric Light, etc., Co. v. Kittanning Boro., 11 Pa. Superior Ct. 31 ; North Braddock Boro. v. Tel. Co., 11 Pa. Superior Ct. 24 ; New Hope Boro. v. W. U. Tel. Co., 16 Pa. Superior Ct. 306 ; New Hope Boro. v. Postal Tel. Co., 16 Pa. Superior Ct. 310 ; Taylor Boro. v. Postal Tel. Co., 16 Pa. Superior Ct. 344 ; Taylor Boro. v. Postal Tel. Co., 202 Pa. 583 ; West Conshohocken Boro. v. Electric Light, etc., Co., 29 Pa. Superior Ct. 7.

The allegation that the fees charged are twenty times the cost of supervision has been held to be vague, unsatisfactory and insufficient to prevent judgment: Chester v. W. U. Tel. Co., 154 Pa. 464 ; Phila. v. Am. Union Tel. Co., 167 Pa. 406 ; North Braddock Boro. v. Tel. Co., 11 Pa. Superior Ct. 24.

*A. B. Geary*, with him *Frank R. Shattuck*, for appellee, cited : Lower Merion Twp. v. Postal Tel. Cable Co., 25 Pa. Superior Ct. 306.

OPINION BY BEAVER, J., April 15, 1907 :

The affidavit of defense in this case, held by the court below to be sufficient to prevent judgment, was filed in a suit brought for the recovery of license fees imposed by the plaintiff against the defendant for the maintenance of telephone and telegraph poles and wires upon the streets and highways of the plaintiff borough.

The affidavit sets forth : " That the said plaintiff is not, and was not during said period mentioned in the statement of claim filed in this case (the period for which license fees were charged), under any additional or incidental liability, of any kind or nature whatsoever, in looking after the safety of said poles and wires and the maintenance thereof ; and is not, or was not, under any additional or incidental liability for any injuries to persons or property which might have arisen, or did arise, during said period, or could possibly arise, by reason of the erection of the said poles and wires within the limits of the said borough. That the said charges were made without any kind

or character of expense or liability having been incurred by
the said borough of Collingdale.   That the said license charge
imposed by the said ordinance is not based upon the cost and
expense to said borough for inspection, regulation and super-
vision of the defendant's lines and business; and the said
charge is more than twenty times the amount that might have
been, or could possibly be, incident to such inspection, super-
vision and regulation, together with all reasonable measures and
precautions that might have been, or possibly could be, required
to be taken by the said borough for the safety of its citizens
and the public, or which might have been, or possibly could
be, incurred as expenses for the most careful, thorough and
efficient inspection and supervision that might have been made
to the said poles and wires and the issuing of said license, and
notwithstanding, as above set forth, the fact that the said plain-
tiff has not and does not maintain any inspection, supervision
or care whatsoever over said poles and wires of the said de-
fendant company, and has not incurred any expense whatsoever
on account thereof."

The facts set forth in this paragraph of the affidavit of de-
fense are practically identical with, if not stronger than, those
set forth in the affidavit in Lower Merion Twp. v. Postal Tele-
graph Cable Co., 25 Pa. Superior Ct. 306, in which we held,
following the case of Postal Telegraph Cable Co. v. Taylor,
192 U. S. 64, that an affidavit of defense " is sufficient to pre-
vent judgment which avers that the license tax was not based
upon the cost for inspection by the township, that it was more
than twenty times the amount that might have been, or could
possibly be, incident to such inspection," etc.   The averments
in the affidavit under consideration being quite as sweeping
as those contained in the affidavit in the case above referred
to, and the court below having followed our ruling in that case,
we are not disposed to convict it of error for having done so.

In that case, it is true, we were controlled by the decisions
of the supreme court of the United States in the cases therein
cited and in this case we are not.   Hence, it cannot be said
that the Lower Merion case rules the present.   It is true, also,
that there are numerous decisions of the Supreme Court of
Pennsylvania and of our own court, in which recoveries under
ordinances, imposing a license fee of $1.00 per pole and $2.50

per mile of wire, have been sustained. It is to be observed, however, that in none of these cases—excepting the Borough of Taylor case, 192 U. S. 64, which was overruled—was it alleged that the amount of the fee was so grossly disproportioned to the cost of issuing the license and of thorough and efficient police supervision, as it is alleged to be in this case. Nor do any of those cases lay down a rule which forbids inquiry into the reasonableness of the amount of the fee in an action brought therefor. As, in the nature of things, it is ordinarily impossible to determine in advance the exact cost, the municipality is at liberty to make the charge large enough to cover any reasonably anticipated expense, and payment of the fee cannot be avoided because it may appear subsequently that it was somewhat in excess of the actual expense of supervision. Presumably municipal officers will act in good faith and exercise their best judgment and have regard only to the purpose for which the fee may be exacted lawfully in fixing the amount, for that is their duty; but their power is not absolute, nor is their action irreviewable by the courts. " We are not bound to uphold an ordinance adopted ostensibly as a police measure, but used as a mere subterfuge for the purpose of raising revenue. Courts will not sustain municipalities in such abuse of their powers, if it be shown: " Kittanning Borough v. Kittanning Consolidated Natural Gas Co., 26 Pa. Superior Ct. 355. Unless we are prepared to hold that any municipality has power to fix the amount of the fee at more than twenty times the cost that can possibly be incident to the accomplishment of every purpose for which such fee can be exacted, this appeal should be dismissed and the defendant permitted, if it can, to prove the facts. If the allegation as to the gross disproportion between the fee and the amount of any expense that might have been reasonably and fairly incurred, for the most careful, thorough and efficient inspection and supervision possible and for all measures and precautions that could be required to be taken by the municipality for the safety of its citizens and the public, be proved, there can be but one inference and that is that the ordinance was not adopted as a police measure, but was really intended for revenue purposes, and, therefore, the court ought to declare it unreasonable and void. We apprehend that the defendant may

find it difficult to ·establish this sweeping allegation, but all that we decide at present is that it should be given the opportunity to do so, if it can.

The order of the court below, discharging the rule for judgment for want of a sufficient affidavit of defense, is, therefore, affirmed and the appeal dismissed without prejudice at the cost of the appellant.