# Pottsville Borough *v.* Pottsville Gas Company, Appellant.

*Municipalities—License tax—Streets—Excavation of streets—Statute.*

A municipality has the right and duty, in the exercise of the police power, to regulate, inspect and supervise the various appliances which individuals and corporations may acquire the right to introduce and maintain upon and under the surface of the public highways, and to impose a reasonable charge to reimburse it for the probable expense of such inspection and supervision. The only question for the court to determine is whether a particular ordinance is a reasonable exercise of such power.

A borough ordinance imposing a license tax of $3.00 on any person or corporation making any excavation in a macadamized public street is applicable to a gas company which is bound to repair the public streets after an excavation, but the reasonableness of the charge is not to be determined by taking into consideration the cost of repairing the pavement either to the municipality of to the gas company. In such a case the reasonableness of the amount is to be determined by the cost of issuing the license and recording the same, and by the cost of the inspection continued not only until the excavation is filled, but also so long as the settling of the material used in filling the trench and other causes directly resulting from the excavation, develop defects in the paving, and make supervision necessary.

Argued Dec. 3, 1906.    Appeal, No. 232, Oct. T., 1905, by defendant, from judgment of C. P. Schuylkill Co., Nov. T., 1903, No. 232, on verdict for plaintiff in case of Pottsville Borough's Corporation v. Pottsville Gas Company.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Reversed.

Appeal from judgment of justice of the peace.    Before BECHTEL, P. J.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows:

[The plaintiff's witnesses, Mr. Fleet, the chairman of the highway committee, and the engineer of the borough, the commissioner of highways, testified that every time this corporation opens a street, while they put it back in as good condition, possibly, as they can, under the circumstances, yet, being macadamized, being made in a certain way, it is necessary for them every time to go back and refill that street and reroll it, and that the cost of rerolling, taking out the road roller, the engineer, the rock and material, all that, Mr. Pugh testifies, is more than twice as much as what the ordinance calls for; and Mr. Fleet, while he could not give the figures, testifies that they must always go over and repair these places that have been opened by the defendant corporation.    We say to you that if you believe that evidence on the part of the plaintiff that it is necessary for them to go back and reroll these streets, and that it costs more than twice as much, or twice as much, or even more

than the amount charged in the ordinance, then that is a reasonable charge, and your verdict should be for the plaintiff.] [1]

[I want you to understand it distinctly, gentlemen. I say that if you believe the evidence of the plaintiff, that the excavations made by this defendant company require not only an inspection of the premises, but requires them to go there and reroll and put new material upon those excavations, taking out the road roller, and that that cost is as much, even as much, but under the testimony of Mr. Pugh twice as much—if it is as much or more than that contained in the ordinance, then we say to you that it is a reasonable charge, and your verdict should be for the plaintiff.] [2]

[It is conceded by the defendant's counsel that under their charter they would be bound to pay this sum if the borough sent them a bill after the work was done. We are of the opinion that the borough would have a right to calculate the general charge, the general cost of what these repairs would be, estimate that and charge it in the permit, and we, therefore, say to you if you believe the evidence of the plaintiff, that the work to repair these openings cost more than twice as much as what the permits called for in this ordinance, then we say to. you that that is a reasonable charge, and your verdict should be for the plaintiff.] [3]

Defendant presented these points :

2. That under the charter rights of the defendant company the cost incurred by the borough of Pottsville, of inspecting the refilling, repairing and placing in a safe condition of all openings made by the defendant, and the cost of issuing the permit, are the only basis for permit charges, as regards the defendant company, and any substantial amount charged therefor beyond such a sum would be unreasonable, unjust and illegal, and render the ordinance void. *Answer :* This we refuse. [4]

3. That under all the evidence in the case, the ordinance in suit is void for unreasonableness and for abuse of discretion in respect of the amount charged for permits, and, therefore, the verdict of the jury must be for the defendant. *Answer :* This we refuse ; we refer you to our general charge as to what we said upon the reasonableness of this ordinance. [5]

4. If the jury believe under all the evidence in the case that

the actual cost to defendant for the seasons of 1903 and 1904, of refilling, repairing and putting in safe condition of all street openings, made by the defendant company alone, in the borough of Pottsville, was $1,707.85, and the permit charges for the same openings, under the terms of the ordinance in suit, amount to $2,278.15, the permit charges are excessive, the ordinance becomes a revenue measure, and is, therefore void, and the verdict must be for the defendant. *Answer :* This we refuse, referring you to what we said in our general charge as to reasonableness of the amount charged. [6]

Verdict and judgment for plaintiff for $200.     Defendant appealed.

*Errors assigned* were (1–6) above instructions, quoting them.

*George M. Roads,* for appellant.—The police power cannot be used as a cloak for the invasion of personal rights or private property: People v. Warden, 144 N. Y. 529 (39 N. E. Repr. 686) ; Ritchie v. People, 155 Ill. 98 (40 N. E. Repr. 454) ; Ordway v. Cornelius, 23 Pa. C. C. Rep. 281; Munn v. Illinois, 94 U. S. 113.

The imposition of fees for inspection, if intended as a mode for raising general revenue, cannot be sustained: Willis v. Standard Oil Co., 50 Minn. 290 (52 N. W. Repr. 652) ; Dillon on Municipal Corporations, sec. 609; State v. Hoboken, 33 N. J. L. 280.

This court has held that the burden of proving an ordinance invalid on account of the unreasonableness of the amount of permit charges required to be paid under it rests on the party asserting its invalidity, unless its unreasonableness is apparent on the face of the ordinance : Schellsburg v. Western Union Tel. Co. 26 Pa. Superior Ct. 343; Braddock Borough v. Telephone Co., 25 Pa. Superior Ct. 544; Kittanning Borough v. W. U. Tel. Co., 26 Pa. Superior Ct. 346 ; Landsdowne Boro. v. Water Co , 16 Pa. Superior Ct. 490.

*E. P. Leuschmer,* for appellee.—The borough of Pottsville contends that the ordinance, which the appellant seeks to declare unreasonable and illegal, is a valid police regulation : Kittanning Borough v. W. U. Tel. Co., 26 Pa. Superior Ct. 346 ; Springfield Water Co. v. Darby Boro., 199 Pa. 400.

A charge made by a municipal corporation, in the nature of a local assessment for benefits conferred, is not a tax, and, therefore, is not a violation of the constitution or any law of this state : Braddock Boro. v. Telephone Co., 25 Pa. Superior Ct. 544; Schellsburg v. W. U. Tel. Co., 26 Pa. Superior Ct. 343 ; Kittanning Boro. v. Gas Co., 26 Pa. Superior Ct. 355; Western Union Tel. Co. v. New Hope, 187 U. S. 419 (23 Sup. Ct. Repr. 204) ; Atl. & Pac. Tel. Co. v. Phila., 190 U. S. 160 (23 Sup. Ct. Repr. 817).

OPINION BY PORTER, J., April 15, 1907 :

This is an action to recover the penalties imposed by a borough ordinance for digging four trenches in macadamized streets of the borough of Pottsville, by the defendant company, for the purpose of laying gas pipes, without having obtained permits so to do as by the ordinance required. The ordinance requires that any person or corporation shall before making any excavation in any macadamized public street make written application to the commissioner of highways, setting forth the place where and the object for which the excavation is to be made, and pay a fee of $3.00 to the officer, who is thereupon required to issue a permit to make the excavation. There was at the trial in the court below no dispute as to the fact that the defendant had made the excavations without taking out the permits, as charged, and the only ground of defense alleged was that the ordinance was invalid.

The right and duty of a municipality, in the exercise of the police power, to regulate, inspect and supervise the various appliances which individuals and corporations may acquire the right to introduce and maintain, upon and under the surface of the public highways, and to impose a reasonable charge to reimburse it for the probable expense of such inspection and supervision, must be accepted as settled. The only question for the court to determine is whether a particular ordinance is a reasonable exercise of such power: New Hope Borough v. Western Union Telegraph Co., 16 Pa. Superior Ct. 306 ; New Hope Borough v. Postal Telegraph Co., 16 Pa. Superior Ct. 310; s. c., 202 Pa. 532; Taylor Borough v. Postal Telegraph Co., 16 Pa. Superior Ct. 344; s. c., 202 Pa. 583; Lower Merion Township v. Postal Telegraph Cable Co., 25 Pa. Superior Ct.

306; Norwood Borough v. Western Union Telegraph Co., 25 Pa. Superior Ct. 406 ; Braddock Borough v. Allegheny County Telephone Co., 25 Pa. Superior Ct. 544 ; Kittanning Borough v. Western Union Telegraph Co., 26 Pa. Superior Ct. 346 ; Kittanning Borough v. Natural Gas Co., 26 Pa. Superior Ct. 355; Edgewood Borough v. Scott, 29 Pa. Superior Ct. 156 ; Fort Pitt Gas Co. v. Sewickley Borough, 198 Pa. 201. The most difficult question in these cases is as to the amount of the charge. "Necessarily any rule that may be adopted must leave some latitude for the exercise of the discretion of the borough officers. Unless this has been exceeded; unless the court is able to say from the facts of which it may take judicial cognizance, or from the undisputed or admitted facts, or if there be a conflict of evidence, then from the duly ascertained facts, that the ordinance is a revenue measure in the guise of a police regulation, or that the license fee is grossly in excess of what was necessary to cover the reasonably to be anticipated expense of proper police supervision, it is not justified in interfering. Even if it be conceded that where there is a conflict of evidence, the controverted facts are to be determined by the jury, still, the burden of proof being on the defendant, the court cannot be convicted of error in giving binding instructions in favor of the borough where the defendant has not furnished evidence from which the jury could find facts which would justify the court in declaring the ordinance unreasonable. . . . By the law of this commonwealth, the tribunal having jurisdiction to decide whether or not, under an agreed or duly ascertained state of facts, there being no conflict of evidence as to essential facts, an ordinance is unreasonable, is the court :" Kittanning Borough v. Natural Gas Co., 26 Pa. Superior Ct. 355.

The ordinance with which we are now dealing was not an annual charge for the inspection of the lines of the defendant, but a specific one to meet the entire expense of the duty of regulation, inspection and supervision cast upon the municipality by the making of the excavation in the macadamized street. The duty of the municipality with regard to such an excavation does not end with the issuing of the permit, nor with the filling of the excavation until it is level with the street, but continues so long as the settling of the material used

in filling the trench and other causes directly resulting from the making of the excavation develop defects in the paving or macadamizing and make supervision necessary. It follows that, in determining the reasonableness of the charge, not only the direct expense of issuing and making a record of the permit and overlooking the filling and resurfacing of the trench, but also the indirect expense of maintaining the organization required to perform the subsequent duty of inspection and supervision, may properly be considered. The learned judge of the court below would not have been warranted, in the absence of evidence establishing an abuse of discretion upon the part of the borough authorities, in holding the charge imposed by this ordinance unreasonable, as matter of law, for similar charges, as high or higher, have for the same service been held reasonable: Springfield Water Co. v. Boro. of Darby, 199 Pa. 400; Lansdowne Borough v. Springfield Water Co., 16 Pa. Superior Ct. 490. The presumption is in favor of the validity of the ordinance, and the burden is upon the defendant to prove facts which establish that the borough authorities have abused their discretion: Western Union Telegraph Co. v. New Hope Borough, 187 U. S. 419; Atlantic & Pacific Telegraph Co. v. Philadelphia, 190 U. S. 160; Postal Telegraph Co. v. Taylor Borough, 192 U. S. 64.

The plaintiff borough, at the trial in the court below, upon its case in chief offered evidence as to what was done by the municipal authorities with regard to the ditches dug in the streets by this company and other parties. This evidence established that the borough discharged the duty of inspection and supervision of the streets in question. The borough went further, however, and produced evidence which would have justified a finding that when ditches were dug in the macadamized street, particularly by this company, the filling always sank and it was necessary for the borough authorities to fill up the trenches and repair the macadamizing, using a heavy roller for that purpose, and that this involved an expenditure for that purpose alone of more than twice the amount of the fee charged by this ordinance for the permit to make the excavation. This evidence may have been admissible under the issue for the purpose of showing the necessity for the inspection and supervision of such excavations, but whether the expenses in-

volved in making such repairs were proper to be considered in determining the charge imposed by the ordinance was at least doubtful. The evidence was admitted, however, without objection. The court below submitted the reasonableness of the ordinance to the jury, and in doing so used the following language : " We are of opinion that the borough would have a right to calculate the general charge, the general cost of what these repairs would be, estimate that and charge in the permit, and we, therefore, say to you that if you believe the evidence of the plaintiff, that the work to repair these openings cost more than twice as much as what the permits call for in this ordinance, then we say to you that that is a reasonable charge, and your verdict should be for the plaintiff." The submission of the question to the jury in this manner is the subject of the first, second and third specifications of error.

The charter of the defendant company, Act of February 25, 1850, printed in the pamphlet laws of 1851, page 774, provides, " That said company shall be required without unnecessary delay to refill, repair and place in safe condition all openings made in the streets, lanes and highways of said borough." The charter thus expressly imposed the duty to repair the streets, and it is not necessary to inquire whether in the absence of such a provision there would be a legal obligation on the defendant company to repair the pavements which it destroyed. The law to which this company owed its existence required it to repair the streets, and the duty thus imposed involved the obligation not merely to refill and resurface the trenches, but to repair such defects as subsequently developed because of the manner in which the trenches were refilled and resurfaced. That the borough might have enacted an ordinance requiring the company to repair the defects in the pavement resulting from the making of the excavations, and within a reasonable period thereafter, cannot be questioned: Springfield Water Company v. Boro of Darby, 199 Pa. 400 ; Edgewood Borough v. Scott, 29 Pa. Superior Ct. 156. The laying of a pavement may require skill and experience and it is within the police power of a municipality to ordain a regulation that the paving made over excavations in the public streets shall, in order to preserve uniformity, be done by the municipal authorities, and that the party who makes the excavation shall be required in ad-

vance to deposit an amount sufficient to cover the cost of repaving : Appeal of the City of Pittsburg, 115 Pa. 4.    The ordinance with which we are now dealing made no attempt to do anything of this kind; it left the liability of this defendant and all other parties, who made excavations in the streets, just where it found them.    The duty of this defendant to repair the streets and its liability to the borough for a failure to perform that duty, which may result in expense to the latter, is in no manner affected by the ordinance.    The fact that the defendant had paid fees for permits to open the street, under the provisions of this ordinance, would not relieve it from liability to reimburse the borough for any expense to which the latter might be put in repairing the pavements which the defendant had failed to properly restore.    The payment of the judgment entered in this case would not be a defense to an action brought by the borough to recover for the expense of repairs to the pavement which the defendant company ought to have made. The charge imposed by this ordinance for the permit was a police charge, pure and simple, and it must be sustained only upon the ground of the expense to which the borough may probably be put in the discharge of its duty to inspect, regulate and supervise the street, as affected by the excavation, so long as such inspection and supervision may be necessary.    If the amount of that expenditure were capable of definite proof, that would be the limit of the charge, but as that is not the case, the borough authorities are vested with a reasonable discretion to determine the amount necessary for the purpose to which alone the fund is applicable.    The provisions of this ordinance did not warrant the learned judge of the court below in directing the jury to take into consideration the cost of repairing the pavement in determining the reasonableness of the charge imposed by the ordinance.    The first, second and third specifications of error are sustained.

The fourth specification is without merit, and the refusal of the point upon which it was based was proper.    The point limited the elements of the duty of the borough which the jury were to consider to the mere issuing of the permit and refilling of the excavations.    This entirely overlooked the fact that it was reasonable and proper for the borough to provide for a record of all these permits and that the duty of inspection and

supervision did not end as soon as the trenches were filled and covered.

We have already said that ordinances of a character like to that with which we are now dealing and imposing similar or higher charges have been held to be valid, and the learned judge of the court below would not have been warranted, in the absence of evidence, in declaring this ordinance unreasonable. The evidence submitted by the borough in this case was such that a jury might fairly have been permitted to infer that the borough had provided an organization for the issuing of the permits to open streets and the preservation of a record thereof, and that it maintained officers whose duty it was to inspect the streets, as affected by the excavations made therein, and that those officers discharged their duty. The court below would, therefore, not have been justified in giving binding instructions in favor of the defendant. The fifth assignment of error is dismissed.

The evidence produced by the defendant as to what it actually cost the company to have the ditches refilled and the streets repaired, was wholly insufficient, standing alone, to furnish any basis for estimating the reasonableness of the charge of the borough for the proper, skillful and continuous inspection and supervision which it was the municipal duty to maintain. The less the company spent in refilling its ditches and repaving the street over them, the greater was the necessity for municipal supervision, which the ditches opened by this company never obtained, for it refused to take out the permits. The defendant company offered no evidence whatever as to any inspection of a ditch made by the defendant or its employees, after that ditch had once been filled up. The defendant called but one witness, and his testimony clearly showed that the company did not inspect their ditches after they were once covered and that, on the contrary, they waited until some person came to them with a complaint. This witness distinctly admitted that he knew that the borough authorities were compelled time and time again to go back and refill the ditches which had been left by this defendant company in an improper condition. That the cost of a proper inspection and supervision cannot be measured by the expenditure of this company, which failed to provide for any inspection or supervision, is

very clear : Kittanning Borough v. Western Union Telegraph Company, 26 Pa. Superior Ct. 346. The sixth specification of error is dismissed.

The judgment is reversed and a venire facias de novo awarded.