# New Hope Borough *v.* Postal Telegraph Cable Company, Appellant.

*Boroughs—License tax on telegraph companies—Police power.*

The adoption by a borough of an ordinance imposing a reasonable annual fee for each pole and each mile of suspended wire erected and maintained by telegraph, telephone and electric light companies within the borough limits is a valid exercise of police power.

*Constitutional law—Interstate commerce clause—License tax on telegraph companies.*

An ordinance of a borough imposing a reasonable annual license fee for each pole and each mile of wire erected and maintained by a telegraph company, is not, as to telegraph companies engaged in the business of transmitting messages between the several states of the union, a violation of the commerce clause of the federal constitution.

*Boroughs—License fees on poles and wires of telegraph company.*

In an action by a borough against a telegraph company to recover a license fee on poles and wires for a particular year, the same being payable at the beginning of the year, the fact that the borough did not expend

money for inspection, supervision or police surveillance of the poles and wires in that year is not a defense.

The courts will not declare such ordinance void because of the alleged unreasonableness of the fee charged, unless the unreasonableness be so clearly apparent as to demonstrate an abuse of discretion on the part of the municipal authorities.

A borough ordinance imposing a license fee of $1.00 per year for each telegraph pole and $2.50 per year for every mile of telegraph and telephone wire in the borough will be sustained, although the evidence shows that the telegraph company maintained no office in the borough, and that the wires were used by the company wholly for the transmission of messages between different states and between this country and foreign countries.

*Boroughs—License fees—Telegraph companies—Question for court.*

In an action to recover a license fee imposed upon telegraph companies by a borough, where the facts are not in dispute, the question of the reasonableness of the license fee is for the court, and if the court submits the question of the reasonableness of the fee to the jury, it is an error of which the telegraph company cannot complain.

Argued Feb. 24, 1902.   Appeal, No. 190, Jan. T., 1901, by defendant, from judgment of Superior Court, Oct. T., 1900, No. 128, affirming judgment of C. P. Bucks Co., Jan. T., 1899, No. 10, in case of New Hope Borough v. Postal Telegraph Cable Company.  Before McCollum, C. J., Mitchell, Dean, Brown and Mestrezat, JJ.   Affirmed.

Assumpsit to recover a license fee of $1.00 per pole and $2.50 for each mile of wire owned by the defendant company in the borough of New Hope.

The opinion of the Superior Court was as follows :

This case differs in no essential feature from the case of the same borough against the Western Union Telegraph Company, No. 101, October term, 1900, in which we have this day filed an opinion.   Judgment affirmed.

The opinion above referred to was as follows :

It has been decided, first, that the adoption by a city of an ordinance imposing a reasonable annual license fee for each pole and each mile of suspended wire erected and maintained by telegraph, telephone and electric light companies within city limits is a valid exercise of police power ; second, that boroughs have equal powers with cities in that regard ; third, that such ordinance is not, as to telegraph companies engaged

in the business of transmitting messages between the several states of the union, in violation of the commerce clause of the federal constitution; fourth, that in an action to recover the license fee for a particular year, the same being payable at the beginning of the year, the fact that the borough or city did not expend money for inspection, supervision or police surveillance of the poles and wires in that year is not a defense; fifth, that the court will not declare such ordinance void because of the alleged unreasonableness of the fee charged, unless the unreasonableness be so clearly apparent as to demonstrate an abuse of discretion on the part of the municipal authorities: Western Union Telegraph Co. v. Philadelphia, 22 W. N. C. 39; s. c., 11 Cent. Repr. 192; Allentown v. Western Union Telegraph Co., 148 Pa. 117; Chester v. Phila., Reading & Pottsville Telegraph Co., 148 Pa. 120; Chester v. Western Union Telegraph Co., 154 Pa. 466; Phila. v. American Union Telegraph Co., 167 Pa. 406; Ridley Park Boro. v. Citizens' Electric Light & Power Co., 9 Pa. Superior Ct. 615; Lansdowne Boro. v. Citizens' Electric Light & Power Co., 9 Pa. Superior Ct. 620; North Braddock Boro. v. Central District & Printing Telegraph Co., 11 Pa. Superior Ct. 24; Kittanning Electric Light, etc., Co. v. Kittanning Boro., 11 Pa. Superior Ct. 31. See also McKeesport v. McKeesport, etc., Pass. Ry. Co., 2 Pa. Superior Ct., 242, North Braddock Boro. v. Second Ave. Traction Co., 8 Pa. Superior Ct. 233, Lansdowne Boro. v. Delaware County, etc., Electric Ry. Co., 9 Pa. Superior Ct. 621, and Taylor Boro. v. Central Penna. Telephone & Supply Co., 8 Pa. Dist. Rep. 92.

In many of the foregoing cases the license fee was the same as that imposed in the ordinance under consideration. In none of the cases was the ordinance declared void for unreasonableness, although it was inferentially conceded that a case might arise where the license fee would be so grossly disproportioned to the burden imposed upon the municipality in consequence of the erection and maintenance of the poles and wires as to warrant the court in presuming that the ordinance was a revenue measure, not a police regulation. None of the cases laid down a fixed and invariable rule by which that question is to be determined, but, after a comparison of the facts developed on the trial of this case, with the facts of some of the

cases above cited, we have been led by the conclusion that the court would not have been justified by the precedents in declaring the ordinance void. The facts being undisputed, we take it that the question of the validity of the ordinance was for the court to decide. But, if on the undisputed facts, the court would not have been warranted in declaring the ordinance void, the submission of the question of the reasonableness of the fee to the jury was an error of which the defendant has no just cause to complain.

Judgment affirmed.

*Error assigned* was the judgment of the Superior Court.

*Frank R. Shattuck*, for appellant.

*John M. Harris*, for appellee.

PER CURIAM, May 19, 1902:

The judgment in this case is affirmed on the opinion of the Superior Court.