# Kittanning Borough *v.* Kittanning Consolidated Natural Gas Company, Appellant.

*Taxation — Gas companies — License tax — Municipalities— Boroughs— Police power.*

The power of a borough governed by the general borough law, to provide by ordinance for police supervision and inspection by its officers and servants of pipes laid and maintained under its streets by incorporated gas companies, and, as part of and incidental to such provision, to ordain the payment by such companies of a reasonable annual license fee or tax, is derived from the same source, and is sustained and governed by the same general principles, as its power to enact similar ordinances relative to the police supervision and inspection of poles and wires of telegraph, telephone and electric light companies. The fact that the latter are maintained upon the surface of the streets and the former are laid underneath the surface does not prevent the application of these principles.

The right of the public in a city or borough street is by no means confined to the surface of the way, and this all those who set apart land for a street are conclusively presumed to know.

In an action by a borough to recover a license tax imposed in the exercise of the police power for the inspection and supervision of the pipes of a gas company beneath the surface of the streets, the borough is not bound in the first place to prove that the amount of the tax is reasonable. The burden is on the gas company to prove that it is unreasonable.

In such a case unless the court is able to say from the facts of which it may take judicial cognizance, or from the undisputed or admitted facts, or if there be a conflict of evidence, then from the duly ascertained facts, that the ordinance is a revenue measure under the guise of a police regulation, or that the license fee is grossly in excess of what was necessary to cover the reasonably to be anticipated expenses of proper police supervision, it is not justified in interfering.

Even where there is a conflict of evidence and the controverted facts are to be determined by a jury, still the burden of proof being on the defendant, the court cannot be convicted of error in giving binding instructions in favor of the borough where the defendant has not furnished evidence from which the jury could find facts which would justify the court in declaring the ordinance unreasonable.

A borough ordinance imposing a license tax on the pipes of a gas company is not wholly void if it does not expressly confine the tax to pipes beneath the surface of the public streets. The enforcement of the ordinance will be restricted to the pipes concerning which the borough council had power to legislate.

*Practice, C. P.—Evidence—Affidavit of defense.*

In the absence of a rule of court providing otherwise, an affidavit of defense when deemed sufficient, serves its purpose in preventing judgment by default, and cannot be offered by defendant on the trial as evidence of the facts therein alleged, and, a fortiori, cannot be considered on appeal.

Argued May 9, 1904.   Appeal, No. 30, April T., 1904, by defendant, from judgment of C. P. Armstrong Co., June T., 1902, No. 24, on verdict for plaintiff in case of Kittanning Borough v. Kittanning Consolidated Natural Gas Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Assumpsit to recover a license tax on the pipes of a gas company.   Before PATTON, P. J.

At the trial it appeared that by ordinances passed in 1900 the borough of Kittanning imposed a license tax of $30.00 per mile on the pipes and mains of the defendant company.

Plaintiff presented these points :

1. That the validity and reasonableness of the ordinance imposing the license fee claimed, are questions for the court to determine, and the jury have nothing to do with those questions.   *Answer :* Affirmed. [3]

2. If the court adjudges the ordinance valid and a reasonable exercise of the police power of the borough, then the only fact for the jury to determine is the number of miles of pipe maintained in the streets and alleys of the borough by the defendant company, and after determining that fact it will be the duty of the jury to return a verdict for the plaintiff for the number of miles so found, at the rate per mile fixed by the ordinance. *Answer :* Affirmed. [4]

Defendant presented these points :

1. That the ordinance ordained April 13, 1900, and the supplement thereto ordained October 1, 1900, is uncertain, indefinite and unfair because (a) no mention is made of the streets, alleys or public thoroughfares in said borough which is the portion of the borough territory over which the burgess and town council have authority to exercise police inspection. (b) No distinction is made between streets and alleys or between paved streets and unpaved streets.   (c) No distinction is made as to the different sizes of pipe line.   *Answer :* Refused. [5]

4. The amount of $30.00 per mile charged in said ordinance and levied on the defendant is exorbitant; viz : (a) The evidence shows police inspection unnecessary.   (b) The ordinance requiring extraordinary care when the street surface is disturbed

and no other necessity for said police service is alleged. (c) The borough of Kittanning has been furnished by the defendant and its predecessors with natural gas and to its citizens since 1883, during all of which time no necessity for police inspection was discovered by the plaintiff. (d) During all the years above referred to the council house and the borough in all its departments including hose houses for use of the fire department, including fire whistles for sounding an alarm for fire, have been furnished by defendant with gas for light and fuel as a gratuity. (e) The evidence shows the absence of the conduct on the part of the borough authorities to interest itself more than in the collection of tax. No rules for inspection or manner designated for inspecting the defendant's property and the absence of proof that any demand or inquiry was made for information from the defendant as to the condition of its plant. (f) The evidence shows the defendant company exerted itself to avoid disturbing the surface of the streets by laying all service pipes to the curb on all streets at the time when the same were being paved by the borough of Kittanning. (g) The evidence further shows that during the years 1900 and 1901 the defendant employed three in number of men skilled in the management of gas lines and in the business of transporting natural gas whose duty and business it was and had been to carefully guard the public, the citizens as well as the defendant, from accident or injury. *Answer:* That point is refused. [9]

Verdict and judgment for plaintiff for $298.10. Defendant appealed.

*Errors assigned* were (3–5, 9) above instructions, quoting them.

*M. F. Leason* and *C. E. Harrington*, for appellant.—The court, in declaring the ordinance a reasonable exercise of municipal legislation, failed to consider the necessity of it, under the facts in the case: Kneedler v. Borough of Norristown, 100 Pa. 368; Borough of Susquehanna Depot v. Simmons, 112 Pa. 384; Fitzpatrick v. Darby Borough, 184 Pa. 645; Postal

Tel. Cable Co. v. Taylor Borough, 192 U. S. 64 (24 Pa. Sup. Ct. Repr. 208).

The court was in error in upholding this exorbitant tax and in not allowing the jury to pass upon all these pertinent facts, in determining whether the ordinance was reasonable and necessary: New Hope Borough v. Postal Telegraph Cable Co., 202 Pa. 532; Postal Tel. Cable Co. v. New Hope, 192 U. S. 55 (24 Sup. Ct. Repr. 204); Philadelphia v. Western Union Tel. Co., 89 Fed. Repr. 454; Atlantic & Pacific Tel. Co. v. Phila., 190 U. S. 160 (23 Sup. Ct. Repr. 817).

*R. A. McCullough,* of *McCullough & Heilman,* for appellee.—In the exercise of its police power, a city or borough may enact and enforce an ordinance requiring the mains and pipes of natural gas companies laid and operated in its public highways to be inspected by the proper municipal authorities so as to maintain them safe and convenient for public travel and to impose upon such companies a reasonable license fee therefor: Allegheny City v. People's Nat. Gas Co., 172 Pa. 632.

The reasonableness of the license fee, as to the amount, is first to be determined by the borough authorities and their act is reversible by the court only on conviction of a clear abuse of discretion: North Braddock Borough v. Central District & Printing Tel. Co., 11 Pa. Superior Ct. 24; New Hope Borough v. W. U. Tel. Co., 16 Pa. Superior Ct. 306; Taylor Borough v. Postal Tel. Cable Co., 16 Pa. Superior Ct. 344; Philadelphia v. W. U. Tel. Co., 89 Fed. Repr. 454; New Hope Borough v. Postal Tel. Cable Co., 202 Pa. 532; Allentown v. W. U. Tel. Co., 148 Pa. 117; Chester v. Phila., etc., Tel. Co., 148 Pa. 120; Chester v. W. U. Tel. Co., 154 Pa. 464; Phila. v. American Union Tel. Co., 167 Pa. 406.

OPINION BY RICE, P. J., October 17, 1904:

Allusion is made in the defendant's printed argument to averments contained in the affidavit of defense. But in the absence of a rule of court providing otherwise, the affidavit had served its purpose in preventing judgment by default; it could not have been offered by the defendant on the trial as

evidence of the facts therein alleged; and, a fortiori, cannot be considered on this appeal, it not having been offered in evidence by either party.

The action was brought under a borough ordinance requiring inspection by the police department of the mains and pipes within the borough of all artificial and natural gas companies, water companies and other companies, and imposing an annual license fee of $30.00 for each mile of pipes or mains.

It is asked, can the borough impose a license tax on pipes and mains located on private property, over which the borough has no control, although within the limits of the borough? As no claim was made or recovery had for pipes or mains laid on private property, this question does not legitimately arise on this appeal. Granting that the ordinance may be construed as applying to such pipes and mains, as well as to those laid in the public streets and alleys of the borough—which is doubtful—and that to that extent it exceeds the lawful powers of the borough, it does not follow that the ordinance is wholly void, but only that the enforcement of it must be restricted to the pipes and mains concerning which the borough council had power to legislate: Kittanning v. Western Union Telegraph Co., ante p. 346.

The power of a borough governed by the general borough law, to provide by ordinance for police supervision and inspection by its officers and servants of pipes laid and maintained under its streets by incorporated gas companies, and, as part of and incidental to such provision, to ordain the payment by such companies of a reasonable annual license fee or tax, is derived from the same source, and is sustained and governed by the same general principles, as its power to enact similar ordinances relative to the police supervision and inspection of poles and wires of telegraph, telephone and electric light companies, which have been sustained in numerous cases. The fact that the latter are maintained upon the surface of the streets and the former are laid underneath the surface does not prevent the application of these principles. Moreover, the use of the streets by gas companies is not confined to the maintenance of pipes beneath the surface, but includes the breaking of the surface to lay the pipes, to make house connections and repairs, and to inspect the line. But we are not disposed to rest

the decision upon that ground alone.   The right of the public in
a city or borough street is by no means confined to the surface
of the way, and this all who set apart land for a street are conclu-
sively presumed to know: Elliott on Roads (2d ed.),sec.17.  To
say that the police power of a city or borough over streets does
not extend beneath the surface would be contrary to sound prin-
ciple, and be justified by no decision to which our attention has
been called.   Indeed, it would seem to be in plain conflict with
the principles enunciated in McDevitt v. People's Nat. Gas Co.,
160 Pa. 367, and kindred cases.   Except as restricted by the
act under which such companies derive their powers, the police
power of a borough or city extends to such occupancy and use
of the streets, whether upon or beneath the surface, as in its
nature requires or justifies supervision at the hands of the
municipality in order to safeguard the public in their rightful
use of the same streets.   " The right of a private corporation
to break up "—and, we add, to occupy or use—" the public
highways of a municipality in the exercise of a franchise con-
ferred upon them by an act of assembly is necessarily subject
to the reasonable municipal regulations of the district, enacted
for the common good of all its inhabitants, unless specially ex-
cluded by the act conferring the right: " Commissioners, etc.,
of Northern Liberties v. Northern Liberties Gas Co., 12 Pa. 318 ;
Frankford & Phila. Pass. Ry. Co. v. Phila., 58 Pa. 119 ; Phila.
Steam Supply Co. v. Phila., 15 W. N. C. 57 ; Lansdowne Boro.
v. Springfield Water Co., 16 Pa. Superior Ct. 490.   In the last
cited case we said : " A company that is required to obtain
municipal consent, and after obtaining it has entered upon the
streets, is in precisely the same situation so far as its being sub-
ject to police regulation is concerned as a company that is not
required to obtain such consent.   The municipality has no
greater authority to abridge or interfere with the franchises
granted by the legislature in the one case than in the other.
According to the doctrine of the above cited cases and many
others that might be cited, its power to make reasonable police
regulations is independent of, and not merely incidental to, the
power to grant or withhold consent to the use of the streets by
the corporation."   It is true that the twelfth section of the Act
of May 29, 1885, P. L. 29, prescribes a mode of determining
certain disputes that may arise between the municipality and

the gas company, but this section cannot fairly be construed as taking away the power of the municipality to supervise and inspect the line for the purpose of ascertaining whether it is maintained in a safe condition. To what extent it may be regarded as restrictive of the police power of boroughs in other respects need not be considered in this case. As has been said concerning telegraph companies engaged in the business of interstate commerce, so it may be said here, if a corporation "so carries on its business as to justify, at the hands of any municipality, a police supervision of the property and instrumentalities used therein, the municipality is not bound to furnish such supervision for nothing, and may, in addition to ordinary property taxation, subject the corporation to a charge for the expense of the supervision : " Atlantic & Pacific Telegraph Co. v. Philadelphia, 190 U. S. 160 (23 Sup. Ct. Repr. 817).

The form in which the charge is imposed or the name by which it is designated does not conclusively determine the character of the charge : Braddock v. Allegheny Co. Telephone Co., 25 Pa. Superior Ct. 544. If it is in reality an annual tax, under the guise of a police regulation, and is imposed for revenue only, the municipality must show some express legislative authority to impose it. We are not bound to uphold an ordinance adopted ostensibly as a police measure but used as a mere subterfuge for the purpose of raising revenue. Courts will not sustain municipalities in such abuse of their powers, if it be shown. But if the purpose of the ordinance is police regulation, and it tends to accomplish the object sought, then, under the power to regulate, the ordinance may be sustained, although the municipal charter does not, in so many words, confer authority to license. " Certainly, if a municipal regulation is adopted, which would be lawful if intended for one purpose, and unlawful if for another, the presumption is that the purpose was lawful, unless the contrary clearly appears : " per SHARSWOOD, J., in Johnson v. Philadelphia, 60 Pa. 445 ; Lansdowne Boro. v. Springfield Water Co., 16 Pa. Superior Ct. 490. This presumption was not rebutted by any testimony offered by the defendant, but, rather, was strengthened by the testimony introduced by the plaintiff as to the actual supervision and inspection given by its police officers under and pursuant to the ordinance.

The most difficult question in the case is as to the amount of the charge. We have held in Kittanning Borough v. Western Union Telegraph Co., ante, p. 346, that in an action to recover such a charge as this the borough is not required to show the cost of such supervision in the presentation of its case in chief. Presumably, borough officers will act in good faith, and exercise their best judgment and have regard only to the purpose for which it may lawfully be exacted, in fixing the amount; for that is their duty. But their power is not absolute, nor their action irreviewable by the courts. This is plain enough; the difficulty is in laying down a rule whereby the reasonableness of the amount can be determined in any case that may arise. Necessarily any rule that may be adopted must leave some latitude for the exercise of the discretion of the borough officers. Unless this has been exceeded; unless the court is able to say from the facts of which it may take judicial cognizance, or from the undisputed or admitted facts, or if there be a conflict of evidence, then from the duly ascertained facts, that the ordinance is a revenue measure under the guise of a police regulation, or that the license fee is grossly in excess of what was necessary to cover the reasonably to be anticipated expense of proper police supervision, it is not justified in interfering. Even if it be conceded that where there is a conflict of evidence, the controverted facts are to be determined by the jury, still, the burden of proof being on the defendant, the court cannot be convicted of error in giving binding instructions in favor of the borough where the defendant has not furnished evidence from which the jury could find facts which would justify the court in declaring the ordinance unreasonable. For it is to be borne in mind that this is not an action on a quantum meruit, and that where an ordinance is not unreasonable on its face, it is incumbent on one who alleges its invalidity upon the ground of unreasonableness, to aver and prove the facts that make it so. If the decision of the state courts that an ordinance is not unreasonable, involves a federal question, as, for example, whether or not, by reason of the amount of charge the ordinance imposes an unlawful burden upon interstate commerce, the decision is undoubtedly reviewable by the Supreme Court of the United States, and its decision of that question is binding upon us in all cases similarly

situated as to their facts even though it may be in conflict with previous decisions of our own court or of our Supreme Court: Com. ex rel. v. Butler, 19 Pa. Superior Ct. 626; Harrisburg v. McPherran, 14 Pa. Superior Ct. 473, 491. But upon all questions of purely state law, it is our duty under the act creating this court, and would be so even though there were no express statutory provision to that effect, to receive and follow the decisions of the Supreme Court of the state "as of binding authority." By the law of this commonwealth, as declared by that court, the tribunal having jurisdiction to decide whether or not, under an agreed or duly ascertained state of facts— there being no conflict of evidence as to essential facts—an ordinance is unreasonable, is the court: Kneedler v. Boro. of Norristown, 100 Pa. 368; New Hope v. W. U. Tel. Cable Co., 16 Pa. Superior Ct. 310; s. c., 202 Pa. 532; Com. v. Phila., Harrisburg, etc., R. R. Co., 23 Pa. Superior Ct. 205. And we are not convinced that as to cases tried in the state courts, this rule has been abrogated or changed, or was intended to be, by the decision of the Supreme Court of the United States in Atlantic & Pacific Tel. Co. v. Philadelphia, 190 U. S. 160 (23 Sup. Ct. Repr. 817). It certainly has not been changed in cases arising under our state laws in which no federal question is involved.

The learned judge below upon a view of all the facts in evidence and with better knowledge of the surrounding local conditions than we have, has determined that there was not sufficient evidence to warrant a finding that the ordinance is unreasonable. We have carefully re-examined the evidence in the light of the foregoing principles, and are not convinced that he ought to have held otherwise, or ought to have submitted the question to the jury. The ordinance being prima facie valid, it would be contrary to sound principle to declare it void for unreasonableness in respect of the amount of the license fee, without proof of facts from which it could be determined, approximately at least, what sum would be sufficient to meet the expenses arising from proper and lawful municipal supervision. Here the proof fails. It falls far short of what was alleged in the telegraph cases decided by us in July last, or in the United States cases cited in those opinions.

Judgment affirmed.