# West Conshohocken Borough *v.* Conshohocken Electric Light & Power Company, Appellant.

*Taxation—Electric light and power companies—Boroughs—License tax on poles and wires.*

In an action by a borough to recover a license fee on the poles of an electric light company, it is not permissible under any circumstances to submit the question of the reasonableness of the fee to the jury, with instruction that if they find it to be unreasonable, they can render a verdict for such smaller fee as the evidence shows would be reasonable. Reasonableness of the fee is a question for the court.

Where an ordinance is not unreasonable on its face, it is incumbent on one who alleges its invalidity upon the ground of unreasonableness to aver and prove the facts that make it so. He must allege facts; an averment of a mere opinion, or an inference of fact or a conclusion of law based on facts not stated, is not sufficient to prevent summary judgment.

In an action by a borough to recover a license fee of fifty cents per pole from an electric light company due and collectable at the beginning of the year, it is no defense that in previous years the borough neglected its supervisory duty and incurred no expense for police supervision of the poles.

In an action to recover borough license fees on electric light poles, an affidavit of defense is insufficient which merely avers that the amount of the license fee "is not based upon the cost of supervision, or expenses incurred thereby," without setting forth any facts upon which this conclusion is based. Lower Merion Twp. v. Postal Telegraph Cable Co., 25 Pa. Superior Ct. 306, distinguished.

Argued Dec. 6, 1904. Appeal, No. 46, Oct. T., 1904, by defendant, from order of C. P. Montgomery Co., Oct. T., 1903, No. 60, making absolute rule for judgment for want of a sufficient affidavit of defense in case of the Borough of West Conshohocken v. Conshohocken Electric Light & Power Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit to recover a license tax on an electric light pole.

The defendant filed an affidavit of defense which was as follows:

Frank B. Ball, secretary of the defendant company, being duly affirmed according to law, deposes and says that the said Conshohocken Electric Light & Power Company has a full, just and legal defense to the whole of the plaintiff's claim of the following nature and character, to wit:

While it is true, as alleged in the plaintiff's statement filed, that the said defendant company had erected poles and strung wires thereon, over and along the streets and highways in the borough of West Conshohocken, and on January 1, 1903, were maintaining 138 poles on said highways for the purposes of conveying electric current to said municipality and their private consumers, yet defendants aver that of the total number of said poles only forty-five poles were used at the same time for the purpose of carrying electric current to private consumers of said defendant company, and the remaining ninety-three poles were used exclusively for the municipal lighting of said borough of West Conshohocken under a contract, then and now in force, and said poles were placed on said highways under the direction of the light committee of said borough, at their special instance and request and for the sole use and benefit of said plaintiffs and solely for the purpose of supplying the plaintiffs with light on their streets under the provisions of a contract with said defendant company, a copy of which contract is hereto attached and made part thereof, and which said poles, as your affirmant has been advised by counsel and believes are not subject to the license fee set forth in plaintiffs' statement of claim.

Your affirmant further denies that they are liable according to law for any license fee or tax for the maintenance of any of their poles in said borough of West Conshohocken, and if subject to any license fee then to such a reasonable amount as may be assessed by a jury from the evidence, because the said plaintiffs have not exercised any supervision over the poles and wires of said defendant company through its officers by virtue of its police powers, and that the amount of the license fee levied and charged against defendants in plaintiffs' statement of claim is unreasonable and unjust and is not based upon the cost of supervision or expense incurred thereby, but that the same is unlawfully levied as a tax for the purposes of revenue solely.

Your affirmant avers that he is informed and expects to be able to prove at the trial of the cause that since the passage of the ordinance attached to plaintiffs' statement of claim on October 8, A. D. 1898, that plaintiffs have not expended any moneys in police supervision or have not incurred any liabil-

ity or expense in any manner incident to maintenance of said poles in said borough, save the costs of printing said original ordinance ; that they maintain no electrical bureau or other department and employ no paid labor in and about the inspection and regulation of poles erected in their highways, and said license fee is not based upon the cost and expense to the borough for inspection, or for any liability or expense that may be sustained by the borough by reason of the maintenance of defendants' lines.

Your deponent further avers that said license tax is arbitrarily fixed as a matter of revenue without reference to any expense, liability or inconvenience incurred or liable to be incurred on account of the maintenance of defendants' poles ; that said license tax is entirely disproportionate to the value of defendants' property in said borough, and is so excessive and unreasonable as to impose an unjust burden upon the defendant company, and amounts to a tax of five and three-fourths per cent on the entire gross income of said defendant company from all their revenue from said borough, both for private and municipal lighting.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Henry M. Tracy,* for appellant, cited : Atlantic & Pacific Tel. Co. v. Philadelphia, 190 U. S. 160 (23 Sup. Ct. Repr. 817) ; Postal Tel. Cable Co. v. Taylor, 192 U. S. 64 (24 Sup. Ct. Repr. 208) ; Lower Merion Twp. v. Postal Tel. Cable Co., 25 Pa. Superior Ct. 306.

*William J. Meyers,* for appellee.

OPINION BY RICE, P. J., October 9, 1905 :

This action of assumpsit was brought in June, 1903, to recover a license fee of fifty cents per pole which under the ordinance was due in the preceding January.

Either the borough is entitled to recover the whole fee or it cannot recover at all. Under no circumstances is it permissible to submit the question of the reasonableness of the fee to

the jury with instructions that if they find it to be unreasonable they can render a verdict for such smaller fee as the evidence shows would be reasonable : Postal Telegraph-Cable Co. v. New Hope, 192 U. S. 55 (24 Superior Ct. Repr. 204).

We have had occasion in several recent cases to consider the question of the power of boroughs to impose such charges, of the reasonableness of the amount of the charge, and of the province of the court and jury : Lower Merion Twp. v. Postal Telegraph-Cable Co., 25 Pa. Superior Ct. 306 ; Norwood Boro. v. Western Union Telegraph Co. 25 Pa. Superior Ct. 406 ; Schellsburg v. Western Union Telegraph Co., 26 Pa. Superior Ct. 343 ; Kittanning Boro. v. Western Union Telegraph Co., 26 Pa. Superior Ct. 346 ; Kittanning Boro. v. Kittanning Consolidated Natural Gas Co., 26 Pa. Superior Ct. 355.  Our conclusion as to the last question, namely, the province of the court and jury, was thus stated in the last cited case : " If the decision of the state courts that an ordinance is not unreasonable, involves a federal question, as, for example, whether or not, by reason of the amount of charge the ordinance imposes an unlawful burden upon interstate commerce, the decision is undoubtedly reviewable by the supreme court of the United States, and its decision of that question is binding upon us in all cases similarly situated as to their facts even though it may be in conflict with previous decisions of our own or of our Supreme Court : Com. ex rel. v. Butler, 19 Pa. Superior Ct. 626 ; Harrisburg v. McPherran, 14 Pa. Superior Ct. 473, 491.  But upon all questions of purely state law, it is our duty under the act creating this court, and would be so even though there was no express statutory provision to that effect, to receive and follow the decisions of the Supreme Court of the state 'as of binding authority.'  By the law of this commonwealth, as declared by that court, the tribunal having jurisdiction to decide whether or not, under an agreed or duly ascertained state of facts—there being no conflict of evidence as to essential facts—an ordinance is unreasonable, is the court : Kneedler v. Boro. of Norristown, 100 Pa. 368 ; New Hope v. Postal Tel. Cable Co., 16 Pa. Superior Ct. 310 ; s. c., 202 Pa. 532 ; Com. v. Phila., Harrisburg, etc., R. R. Co., 23 Pa. Superior Ct. 205. And we are not convinced that as to cases tried in the state

courts, this rule has been abrogated or changed, or was intended to be, by the decision of the supreme court of the United States in Atlantic & Pacific Tel. Co. v. Philadelphia, 190 U. S. 160 (23 Superior Ct. Repr. 817). It certainly has not been changed in cases arising under our state laws in which no federal question is involved." The case in hand is of the latter character. Therefore the question is whether, assuming the ability of the defendant to prove the facts properly alleged in the affidavit of defense, the court would be warranted in declaring the ordinance unreasonable. It is to be borne in mind that this is not an action on a quantum meruit, and that where an ordinance is not unreasonable on its face—as this is not—it is incumbent on one who alleges its invalidity upon the ground of unreasonableness to aver and prove the facts that make it so. He must allege facts; an averment of a mere opinion, or an inference of fact or a conclusion of law, based on facts not stated is not sufficient to prevent summary judgment.

The first fact distinctly alleged in the affidavit of defense is that since the adoption of the ordinance the borough through its officers has not exercised any supervision over the poles and wires of the defendant company, and has not expended any money for that purpose, and has not incurred any liability or expense in any manner incident to maintenance of said poles save the cost of printing the original ordinance. This might be a good defense if this were an action to recover for services rendered or expenses incurred in the past; but it is not that kind of action. It is not based on contract, express or implied, but upon a liability imposed by virtue of the police power. The license fee was for a particular year, and it was made due and collectible at the beginning of the year, so that the borough might be enabled to perform its duty of supervision in that year. It was expressly decided in Mooney v. Luzerne Boro., 186 Pa. 161, that it " is the duty of the municipality to exercise a careful supervision over the adjustment and regulation of the electric wires suspended over its streets, " and in the same connection Chief Justice STERRETT said : " In view of the multiplicity of overhead wires carrying deadly currents, and the increasing frequency of accidents from defects in such wires, or in the manner of their adjustment, it behooves municipalities to

recognize and perform their duties in the premises in more than a perfunctory manner, if they would escape the consequences of negligence." The ordinance in question expressly provided for the performance of this duty, at least so far as the poles were concerned, by the supervisor of streets. Upon no sound principle can it be held that the neglect of this duty by the officer in previous years, or the neglect of the borough to compel its performance, discharged the defendant from liability to pay the license fee for the particular year in question, or prevented that liability from attaching. The fact that the borough neglected its supervisory duty and incurred no expense for police supervision is held to be a relevant and highly significant fact in an action brought to recover the license fee, and a fact that will constitute a defense when coupled with the fact that the fee is grossly disproportioned to the amount of any expense that might have been reasonably and fairly incurred for the most careful, thorough and efficient inspection and supervision possible, and for all measures and precautions that could be required to be taken by the municipality for the safety of its citizens and the public : Postal Telegraph-Cable Co. v. Taylor, 192 U. S. 64. (24 Superior Ct. Repr. 208.) But a careful study of that case will show that it does not decide that the first fact, standing alone, is a complete defense to an action brought to recover a reasonable license fee for a particular year which was due and collectible at the beginning of the year ; and the Pennsylvania decisions hold distinctly that it does not : New Hope Boro. v. Postal Telegraph-Cable Co., 16 Pa. Superior Ct. 310 ; 202 Pa. 532.

The concluding averment of the affidavit of defense as to the disproportion between the amount of the fee and the value of the defendant's property is clearly irrelevant : Schellsburg v. Western Union Telegraph Co., 26 Pa. Superior Ct. 343; Kittanning Boro. v. Western Union Telegraph Co., 26 Pa. Superior Ct. 346.

The affidavit contains the averment, several times repeated, that the amount of the license fee " is not based upon the cost of supervision or expenses incurred thereby." We infer that in this averment the defendant means that the amount of money that would be realized by the borough from the im-

position and collection of a license fee of fifty cents per pole would be in excess of the cost of proper supervision and inspection. But the affidavit states no facts upon which this conclusion is based. It does not state what would be the approximate cost of such police supervision, nor whether the disproportion between it and the fee is great or small. But in the United States cases upon which the defendant relies it is distinctly held that, as in the nature of things it is ordinarily impossible to determine in advance the exact cost, the municipality is at liberty to make the charge large enough to cover any reasonably anticipated expense and the payment of the fee cannot be avoided because it may subsequently appear that it was somewhat in excess of the actual expense of the supervision. We cannot agree with the appellant's counsel that the affidavit in question brings the case within our decision in the Lower Merion case. The affidavits are materially and substantially different. In the case cited, as well as in the Taylor case, there was the positive averment that the charge was "more than twenty times the amount that might have been or could possibly be incident to such inspection, supervision and regulation, together with all reasonable means and precautions that might have been, or possibly could be required to be taken by the township." The difference between that averment and the one under consideration is so apparent as to render further discussion unnecessary. We think the learned court below was clearly right in holding the affidavit to be insufficient.

Judgment affirmed.