# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

## Pottsville Borough, Appellant, *v.* Pottsville Gas Company.

*Municipalities—Ordinance—Motives of members of council—Evidence.*

1. The legality of the acts of legislative or corporate bodies cannot be tested by the motives of individual members or the adventitious circumstances they may lay hold of to carry their measures.

*Appeals—Assignments of error—Evidence.*

2. Where the admission of a paper in evidence is assigned as error, but the paper is not printed in appellant's paper-book, the assignment will be disregarded.

3. Where an assignment of error to the admission of testimony fails to include in the assignment the testimony admitted, the assignment will not be considered.

*Boroughs—Ordinances—License fee—Openings in streets.*

4. The tribunal having jurisdiction to decide whether or not, under an agreed or duly ascertained state of facts, there being no conflict of evidence as to essential facts, an ordinance is unreasonable, is the court.

5. An ordinance imposing a license fee for a permit to make an opening in a street amounting to $3.00 for each opening not exceeding three feet wide and thirty feet long and for any additional opening in width or length at the same time and place, five cents per square foot, is unreasonable and void where it appears that the borough expended nothing for supervision and inspection until three years after certain excavations sought to be charged for had been made, that it then employed a clerk to make out permits, and an assistant engineer, and the

evidence for the company sought to be charged shows that the work of refilling had been carefully done, that defects had been promptly repaired, and that the permit charges claimed were greatly in excess of the actual cost of making, refilling and repairing the street openings made by the company.

Argued Dec. 11, 1908. Appeal, No. 184, Oct. T., 1908, by plaintiff, from judgment of C. P. Schuylkill Co., Nov. T., 1903, No. 232, on verdict for defendant in case of Pottsville Borough v. Pottsville Gas Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Appeal from judgment of justice of the peace. Before SHAY, P. J.

The facts are stated in the opinion of the Superior Court. Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (1–5) various rulings on evidence referred to in the opinion of the Superior Court; (6–9) various instructions and refusal to give binding instructions for plaintiff.

*E. P. Leuschner* and *J. B. Reilly*, for appellant.

*George M. Roads*, for appellee.

OPINION BY PORTER, J., February 26, 1909:

The only question involved in this case is the validity of an ordinance of the borough of Pottsville imposing a charge for a permit to make openings or excavations in public streets, and directing the method of taking out such permits. The ordinance prohibited the making of excavations or openings in streets by any person, firm, association or corporation, without having first obtained a written or printed permit from the commissioner of highways, authorizing such opening or excavation, and fixed a charge or license fee for the same. The portion of the ordinance fixing the fee, so far as material to this case, is as follows: "For any opening or excavation not exceeding three feet wide and

thirty feet long in any macadamized or unpaved street, lane or alley, three dollars ($3.00) and for any additional opening in width or length at the same time and place, five cents per square foot." The defendant contended that the ordinance was invalid, for the reason that the license fee was grossly excessive. There was a verdict and judgment for the defendant in the court below and the plaintiff appeals.

That the legality of the acts of legislative or corporate bodies cannot be tested by the motives of individual members, or the adventitious circumstances they may lay hold of to carry their measures, seems to be a matter free from doubt; Borough of Freeport v. Marks, 59 Pa. 253; Sunbury & Erie Railroad Company v. Cooper, 33 Pa. 278; Commonwealth v. Moir, 199 Pa. 534. The defendant company had made Mr. Pugh, the borough engineer, its own witness, and proposed to show by him that he had furnished to the borough councils estimates upon the basis of which this ordinance was passed, and that he had included in said estimates the cost for repairs of the highways after they had been opened; this was permitted, under exception by the plaintiff. The evidence certainly ought not to have been admitted and if it had been submitted to the jury and the question were one upon which the jury ought to have passed, the first, second and third specifications of error would have to be sustained. This error of the court was, however, a temporary one. The evidence was withdrawn from the jury and the court in its charge said: "Right here we want to say that what moved the members of councils to pass the ordinance is not the subject of inquiry before the jury."

The paper admitted in evidence, subject to the exception which is the foundation of the fourth specification of error, is not printed in the paper-book of the appellant and this specification must for that reason be disregarded. The appellant does not print in connection with the fifth specification of error the testimony which was admitted under the exception upon which that specification is founded, and the specification is for that reason dismissed.

The tribunal having jurisdiction to decide whether or not, under an agreed or duly ascertained state of facts, there being

no conflict of evidence as to essential facts, an ordinance is unreasonable, is the court: Kittanning Borough v. Kittanning Consolidated Natural Gas Company, 26 Pa. Superior Ct. 355; Kittanning Borough v. Western Union Telegraph Company, 26 Pa. Superior Ct. 346; Schellsburg v. Western Union Telegraph Company, 26 Pa. Superior Ct. 343; Kittanning Borough v. Armstrong Water Company, 35 Pa. Superior Ct. 174; Kittanning Borough v. Gas Company, 35 Pa. Superior Ct. 167. The case presented in the court below was not free from difficulty, but we are satisfied that the result reached was, under the evidence presented, the proper one.   The ordinance involved presents peculiar features; the charge for making openings in macadamized streets is, for any opening not exceeding three feet wide and thirty feet long, $3.00, and for any additional opening in width or length, at the same time and place, five cents per square foot.   When the length of an opening exceeds thirty feet the charge is five cents per square foot; if the ditch is three feet wide that would amount to fifteen cents per lineal foot, if it is but two feet wide it amounts to ten cents per lineal foot, or in the first case the charge would be $15.00 for 100 feet and in the second case $10.00 for the same distance.   This necessarily applies to all gas mains placed in macadamized streets and would amount to a license charge of from $528 to $792 for each mile of main pipe laid by the defendant company.   The openings, for which the fees are sought to be collected in the present case, were made in the year 1903.   This action was instituted in that year, and after a first trial, which resulted in a verdict and judgment in favor of the plaintiff, the case was brought to this court upon appeal, and in April ,1907, the judgment was reversed: Pottsville Borough v. Pottsville Gas Company, 33 Pa. Superior Ct. 480.   The borough had in that trial produced evidence which established, if it established anything, that the expenditures by the borough for the purposes for which it might lawfully impose this fee were merely nominal, that there was no reasonable necessity for the expenditure of more than such nominal amount for such purposes, and that the borough sought to recover upon the ground that it was from time to time compelled to expend money in repairing defects in the streets which

had resulted from improper refilling of the trenches. This court held that the cost of such repairs could not be considered in determining the reasonableness of the charge imposed to meet the cost of reasonable inspection, supervision and surveillance of the making of the excavations and the results following the same. The evidence produced at the trial from the result of which we have the present appeal clearly established that the borough had spent nothing in issuing the permits for and performing the duty of inspection and surveillance of the trenches dug in the streets, until after the former decision by this court. The borough did subsequently to that former decision, and about three years after this action was brought, employ a clerk for the purpose of issuing these permits, paying that clerk a salary which amounted to about $1.60 for each permit. The testimony of all the witnesses examined upon that point agreed that the issuing of one of these permits and making the entry on the stub thereof, which was the only record for which provision was made, involved no more labor than the ordinary writing of a check and filling the stub of the same. The evidence also disclosed that subsequently to the former decision in this case an assistant engineer was employed. All the evidence as to the provision which the borough authorities had made for the inspection indicated that that provision had been made, in view of the former decision in this case, for the purpose of spending the money, rather than with the intention of providing for a reasonable inspection and supervision of the trenches. The mere fact that the borough had expended no money for the purpose of inspection and supervision from the time the ordinance was passed down until more than two years after the trenches involved in this case had, according to all the testimony, ceased to require inspection, would not of itself be sufficient to justify the court in holding the ordinance unreasonable. "The fact that the borough neglected its supervisory duty and incurred no expense for police supervision is held to be a relevant and highly significant fact in an action brought to recover the license fee, and a fact that will constitute a defense when coupled with the fact that the fee is grossly disproportioned to the amount of any expense that might have been reasonably and fairly in-

curred from the most careful, thorough and efficient inspection and supervision possible, and for all measures and precautions that could be required to be taken by the municipality for the safety of its citizens and the public:" West Conshohocken Borough v. Conshohocken Electric Light & Power Company, 29 Pa. Superior Ct. 7.

The defendant company produced clear and satisfactory evidence as to the manner in which it made excavations in the public streets, guarded the same while open and caused the same to be refilled; that the refilling was done in a very careful manner and under the constant supervision of an expert; that the trenches after being refilled were very frequently inspected by its expert employees for a year or, in case of necessity, for a longer period, and in case any defects developed they were promptly repaired. It also produced evidence showing the actual cost of making, refilling and repairing of the street openings made by defendant company, during the entire years 1903 and 1904, to have been $1,707.85, and the permit charges for the same openings, under the terms of this ordinance, amounted to $2,278.15. This evidence covered the entire period involved by the license fees in this proceeding. The defendant also produced evidence as to the expense of proper supervision and inspection of the trenches while open and so long afterwards as reasonably necessary. These several facts, standing alone, might not have been sufficient to warrant the court in holding the ordinance unreasonable, but taken together and in connection with the fact that the borough spent nothing for supervision until more than three years after the making of these excavations had elapsed, they furnished a standard by which to measure the reasonableness of the charge fixed by the ordinance to reimburse the borough for the anticipated expense incident to proper supervision and inspection by its officers and agents, and the issuing and making a record of the license: Schellsburg v. Western Union Telegraph Company, 26 Pa. Superior Ct. 343; Kittanning Borough v. Western Union Telegraph Company, 26 Pa. Superior Ct. 346. The entire testimony in the case was such as to rebut the presumption in favor of the reasonableness of the ordinance. The court would have been

warranted in declaring the ordinance void, and the submission of the question of the reasonableness of the fee to the jury is a matter of which the appellant has no just ground of complaint.

The judgment is affirmed.