## Williams et al. v. Borough of Hollidaysburg

*Robert B. Smith, Esq.*, for complainant.

FETTERHOOF, P. J., specially presiding, May 17, 1947.—This is a bill in equity brought by George W. Williams et al., citizens and taxpayers of the Borough of Hollidaysburg, plaintiffs, against the Borough of Hollidaysburg, defendant, to restrain it from installing parking meters upon certain designated streets by virtue of Ordinance No. 169 enacted by the borough on June 3, 1946, which ordinance they main-

tain is unconstitutional and void. It is alleged that the ordinance was not properly advertised and that the installation of the meters would constitute an unreasonable, unnecessary, and oppressive burden on plaintiffs.

Defendant filed an answer and the case was set down for hearing. Testimony was taken September 9, 1946, and after consideration thereof we referred the case back for the purpose of taking further testimony and to clarify certain matters of apparent importance. On March 3, 1947, the testimony was concluded and the matter is now before us for final disposition.

*Findings of fact*

1. George W. Williams is a resident of Hollidaysburg, the owner of real estate, and is engaged in business at the southwestern corner of the Diamond on Allegheny Street in Hollidaysburg.

2. Thomas M. Treese is a resident of Hollidaysburg, is the owner of real estate, and is engaged in business at the southeasterly corner of the Diamond in Hollidaysburg.

3. Frank W. Suckling is a resident of Hollidaysburg, is the owner of real estate, and is engaged in the clothing business at 314 Allegheny Street in Hollidaysburg.

4. Norman D. Wilt is a resident of Hollidaysburg, the owner of real estate, and conducts a place of business at 314 Allegheny Street in the Borough of Hollidaysburg.

5. The Borough of Hollidaysburg is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania.

6. The Borough of Hollidaysburg properly advertised Ordinance No. 169 relating to the installation of parking meters upon certain streets in the Borough of Hollidaysburg in the Hollidaysburg Register, with the exception of section 2 of said ordinance attempting to establish a parking meter zone on "Montgomery

Street between Spruce and Mulberry Streets, with the exception of that portion of Montgomery Street extending from the intersection of the alley between Walnut Street and Allegheny Streets to Allegheny Street".

7. The said Ordinance No. 169 was properly passed and adopted at a meeting of the council of said borough on June 3, 1946, and approved June 4, 1946, by James W. Hayes, burgess, and enacted into law with the exception of section 2 referred to in the preceding paragraph.

8. The following streets, Allegheny, Mulberry, Walnut, Spruce, Penn, Union, Wayne, Montgomery, Front and Juniata, as set forth in Ordinance No. 169, are all public streets or highways in the Borough of Hollidaysburg.

9. The principal business street of said borough is Allegheny Street running east and west, between the intersection of Penn Street on the east and Juniata Street on the west, a distance of five city blocks.

10. Penn, Union, Wayne, Montgomery, Front and Juniata Streets run north and south, intersecting Allegheny Street in the business district of said borough.

11. There is heavy parking and congestion of vehicles on Allegheny Street between Penn and Juniata Streets, and that said portion of Allegheny Street is also used by an electric street railway.

12. The following streets on the north side of Allegheny Street to the south side of the alley running east and west between Allegheny and Walnut Streets, are adjacent to the principal business district of the borough and are regularly and continuously used for automobile parking by persons visiting the business district, and the placing of parking meters thereon, as approved by Borough Ordinance No. 169, would alleviate the parking congestion and add to the convenience of the traveling public, to wit: west side of Penn; west side of Union; east and west sides of Wayne; east and west side of Front Streets.

13. The following streets on the south side of Allegheny Street to the north side of alley running east and west between Allegheny and Mulberry Streets are adjacent to the principal business district of the borough and are regularly and continuously used for automobile parking by persons visiting the business district, and the placing of parking meters thereon, as approved by Borough Ordinance No. 169, would alleviate the parking congestion and add to the convenience of the traveling public, to wit: east and west sides of Union; east and west sides of Wayne; east and west sides of Front Streets.

14. The Borough Ordinance No. 169, being invalid as to Montgomery Street, we cannot make any order for the establishing of parking meters thereon, but we do find as a fact that this street is adjacent to the principal business district of the borough and is regularly and continuously used for automobile parking by persons visiting the business districts, and that the placing of parking meters thereon, at least to a limited degree, would alleviate the parking congestion and add to the convenience of the traveling public.

15. The placing of parking meters upon the streets of Hollidaysburg, as set forth in paragraphs 11, 12 and 13, supra, might be objectionable to those living and abutting on said streets but the installation of them, however, will be to aid the regulation of the highways and in the interest of the traveling public, and such regulation is not unreasonable or oppressive.

### Discussion

The powers of the Borough of Hollidaysburg are vested in its corporate officers under The General Borough Act of May 4, 1927, P. L. 519, as amended, 53 PS §12222 et seq. Council is given specific power "to regulate roads, streets, lanes, alleys", etc.: §13313 of above title. Under section 12896, par. 3, council is given the power "To make, revise, repeal and amend

such laws, rules, regulations and ordinances not inconsistent with the laws of the Commonwealth, as it shall deem beneficial to the borough and to provide for the enforcement of the same".

Under paragraph 4, unless otherwise provided, council is required to publish "every enactment, regulation, ordinance or other general law at least ten days before the same shall take effect." This is in accordance with the Act of May 18, 1933, P. L. 818, amending The General Borough Act, which provided for the publication in a newspaper and by "twelve advertisements posted in public places in the Borough."

It was contended at the time of the argument by counsel for plaintiffs that it was a legal requirement that the ordinance be advertised and posted in 12 public places. In the amendment to the Borough Code Act of May 28, 1945, P. L. 1089, 53 PS §12896, subsection 4, the necessity of posting 12 advertisements was eliminated and is no longer required.

It was conceded, upon the argument of the case, that an error was made in the newspaper advertisement in a portion of section 2 of the ordinance, which attempts to establish as a parking meter zone "Montgomery Street between Spruce and Mulberry Streets, with the exception of that portion of Montgomery Street extending from the intersection of the alley between Walnut and Allegheny Streets to Allegheny Street." Plaintiffs contend that, by reason of this alleged defective advertisement, that section is not only void but the entire ordinance is void. We agree that the portion of the ordinance referring to streets which were improperly advertised is void, but we do not agree that because this portion of the ordinance is void, the entire ordinance becomes invalid.

The law as set forth in 2 Dillon Law of Municipal Corporations 986, sec. 647, provides as follows:

"*If part of a by-law be void,* another essential and connected part of the same by-law is also void. But

it must be essential and connected to have this effect. But if the invalid provisions *are separable* from and independent of the valid provisions, and can be so severed without defeating the object of the legislative body, the valid provisions of the ordinance will be sustained and given their appropriate effect."

We are satisfied that Ordinance No. 169 as passed by the defendant, the Borough of Hollidaysburg, is valid with the exception of that which refers to Montgomery Street as set forth above: Grier v. Borough of Homestead, 6 Pa. Superior Ct. 542.

The plaintiffs, having alleged that the establishing of parking meters upon the streets of the borough, as designated in said ordinance would prove unreasonable, unnecessary and an oppressive burden upon them, assume the burden and they must prove the facts that made it so: Kittanning Borough v. Natural Gas Co., 26 Pa. Superior Ct. 355; Kittanning Borough v. Water Co., 35 Pa. Superior Ct. 174; Laubach & Sons v. Easton, 347 Pa. 542.

Photographs were taken of some of the streets covered by the ordinance, showing parked cars upon certain dates and the time of day. There was also offered in evidence a map of the borough streets showing where there were to be placed 80 parking meters, which have already been contracted for.

George W. Williams, one of the plaintiffs, a taxpayer and owner of real estate on Walnut and Allegheny Streets, testified he operates a store at the corner of the Diamond, 220-222 Allegheny Street, and is familiar with the parking conditions in the borough; that the only time he sees any congestion is "Saturday nights or evenings, some times at the movies", but otherwise there is always "plenty of parking space on Walnut Street, and on the side streets too". He has lived in the borough for over 50 years and is familiar with all the streets and existing conditions, and in his opinion there is no parking problem.

Norman D. Wilt stated he resides at 314 Walnut Street and has a place of business at 313 Allegheny Street, within the defendant borough; and that defendant proposes to erect parking meters in front of his residence and place of business; that he observes no unusual traffic or parking conditions except at times of parades or other special events.

William J. Sellers, who lives at 117 Walnut Street, within the proposed meter area, states that there is very little parking on the streets up until 6 p.m.; that in the evening to 9:30 or 10 p.m. there is quite a lot of parking on both sides of the street.

Frank W. Suckling, who conducts a clothing store at 314 Allegheny Street, testified he made a survey of parking on Allegheny Street. Arthur Bush, who manages the Metropolitan Store at 305 Allegheny Street, did, likewise, and both testified that at the time they made the survey there were vacant parking places.

Francis C. Walsh, civil engineer for defendant, testified that Pennsylvania State Highway, Route 22, is on Allegheny Street, and that one hour parking parallel to the curb is permitted on the north side of the street. In the center of the street, throughout the entire length embraced in the ordinance, is a trolley track which presents a problem as when a trolley car is approaching from the west and meets an oncoming automobile from the east, particularly when cars are parked along the side of the street.

Luther A. Fraelich testified that he made careful surveys of the traffic conditions in Hollidaysburg; is familiar with the traffic situation and made traffic counts. He gave in detail the result of his counts on various streets at different times, which in his opinion showed congested traffic conditions on Allegheny, Union, Wayne, and Montgomery, tapering off on Front Street, where, "To Juniata Street there is very little". In his opinion Allegheny Street is very much congested;

has the most traffic thereon, and more cars parked there. Then follows, Wayne, Montgomery, and Walnut Streets. The latter has rather spasmodic traffic, and some days has very little parking thereon. His surveys showed on many occasions more cars were parked, within the proposed meter area—especially on the ones mentioned above—than allowed for cars within a space of 22 feet, for each car parked parallel, except at the ends where the space is limited to 19 feet.

L. E. O'Neil manages a hotel at 106 Allegheny Street and 401 South Juniata Street, and he testified he is familiar with the parking conditions in the defendant borough. He states "It is very bad on Allegheny Street", and he frequently, while shopping or going to the bank, finds it difficult to get a parking place on that street. It is also congested about his hotel.

It cannot be denied that under the authority of Laubach & Sons v. Easton, supra, defendant borough has the right to install parking meters and place them on the sidewalks or curbs of the borough. Plaintiffs object strenuously to the placing of meters in front of their properties which abut on a public highway and is subject to the paramount right of the public to travel over it. Justice Parker, speaking for the Supreme Court in the above case, at page 545, states:

"In a congested district there is bound to be an interference between the rights of those who are lawfully using the public highways and abutting owners just as there are between different travelers and between different abutting owners. It is due to these impacts that the state under its police power may regulate the use of highways in the interest of the whole public in so far as such regulations are not unreasonable or oppressive."

To regulate traffic and parking on streets in boroughs of any size and importance, parking meters now

have become so much in universal use that they might well be classified as a well-recognized necessity. However, from the evidence in this particular case, and from our personal observations and surveys of the streets in question upon several occasions since the bringing of this suit, we feel that the traffic condition is such that the borough possibly did cover too many streets in its ordinance.

We have given very careful consideration and thought to this case and to the testimony of the witnesses. We are of the opinion that the evidence, as to existing conditions, warrants a limitation to the establishing and installation of parking meters at the present time to the north side of Allegheny Street from Penn to Juniata Streets, and upon certain parts of the streets crossing Allegheny Street, and which we definitely set forth in our findings of fact.

*Conclusions of law*

1. The Borough of Hollidaysburg is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania.

2. The Borough of Hollidaysburg properly advertised Ordinance No. 169 relating to the installation of parking meters upon certain streets in the Borough of Hollidaysburg in the Hollidaysburg Register, with the exception of section 2 of said ordinance attempting to establish a parking meter zone on "Montgomery Street between Spruce and Mulberry Streets, with the exception of that portion of Montgomery Street extending from the intersection of the alley between Walnut Street and Allegheny Streets to Allegheny Street."

3. The said Ordinance No. 169 was properly passed and adopted at a meeting of the council of said borough on June 3, 1946, and approved June 4, 1946, by James W. Hayes, burgess, and enacted into law with the exception of section 2 referred to in the preceding paragraph.

4. The following streets, Allegheny, Mulberry, Walnut, Spruce, Penn, Union, Wayne, Montgomery, Front and Juniata, as set forth in Ordinance No. 169, are all public streets or highways in the Borough of Hollidaysburg.

5. The Borough of Hollidaysburg is legally authorized to install parking meters within the parking meter zones upon the following streets: North side of Allegheny Street from Penn to Juniata, and those streets on the north side of Allegheny Street to the south side of the alley extending east and west between Allegheny Street and Walnut Street, to wit: west side of Penn, west side of Union; east and west sides of Wayne; east and west sides of Front Streets. And upon the following streets on the south side of Allegheny Street to the north side of an alley extending east and west between Allegheny and Mulberry Street, to wit: east and west sides of Union; east and west sides of Wayne; east and west sides of Front Streets.

6. The installation of parking meters upon the streets of the Borough of Hollidaysburg (as stated in paragraph 5, supra) is within the police powers of the borough authorities to regulate parking, and such regulations are not unreasonable or oppressive.

7. Plaintiffs and defendant shall each pay their respective witness fees, and the record costs shall be paid equally between plaintiffs and defendant.

### Decree nisi

Now, May 17, 1947, upon consideration of the foregoing case, it is ordered, adjudged, and decreed as follows:

1. Upon this decree becoming final defendant is authorized to install parking meters upon the streets of the Borough of Hollidaysburg, within the parking meter zone as set forth in its Parking Meter Ordinance No. 169, as follows: North side of Allegheny Street from Penn to Juniata, and those streets on the north side of Allegheny Street to the south side of the alley

extending east and west between Allegheny Street and Walnut Street, to wit: west side of Penn; west side of Union; east and west sides of Wayne; east and west sides of Front Streets; and upon the following streets on the south side of Allegheny Street to the north side of an alley extending east and west between Allegheny and Mulberry Streets, to wit: east and west sides of Union; east and west sides of Wayne; east and west sides of Front Streets.

2. The injunction as issued July 11, 1946, enjoining defendant from placing parking meters within the parking meter zone, as defined in Parking Meter Ordinance No. 169, is dissolved as to the streets defined in paragraph 1 of this decree, but as to the other streets in the ordinance the injunction is made permanent, under the present traffic conditions and circumstances.

3. Plaintiffs and defendant shall each pay their respective witness fees, and the record costs shall be paid equally between plaintiffs and defendant.